UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTOPHER FITZGERALD,     )<br>                             )<br>            Plaintiff  )<br>                             )    CIVIL ACTION NO.<br>v.                           )<br>                             )    No. 04-12138-NG<br>CBS BROADCASTING, INC.,      )<br>                             )<br>            Defendant   )<br>                             ) | |

**MOTION FOR LEAVE
TO PROPOUND MORE THAN TWENTY-FIVE INTERROGATORIES AND
TO SERVE A THIRD SET OF REQUESTS FOR DOCUMENTS**

Plaintiff moves this court for leave to file more than twenty-five (25) interrogatories and to serve a third set of requests for documents. The grounds for this Motion are as follows:

1. This is an action for the infringement of the copyright to a photograph of the notorious criminal, Stephen (the "Rifleman") Flemmi. Flemmi has been incarcerated since 1995, and very few photographs of him are known to exist. Plaintiff, who is a professional freelance photographer, photographed Flemmi just after his arrest. Fitzgerald was the only photographer who photographed this event. Plaintiff has only two pictures of Flemmi, one of which was published with permission on the front page of the *Boston Globe* in 1995, and the other of which was published sometime thereafter.

Fitzgerald owns the copyrights to the photographs, both of which have been registered with the Copyright Office.

2. The Flemmi Photographs have been used and published judiciously with Fitzgerald's permission and several times without his permission. Fitzgerald has aggressively pursued all claims for the unauthorized uses of his Flemmi Photographs.

3. Defendant admits that it used one of Plaintiff's Flemmi photographs in 2004, on numerous occasions since 1998 without Plaintiff's permission or authority on news broadcasts on both WBZ-TV, Channel 4 Boston (now known as "CBS 4 Boston"), and WSBK-TV, Channel 38 Boston (now known as UPN 38), and on the website of CBS 4 Boston. This is the <u>third</u> time Defendant has used one of Plaintiff's photographs of Flemmi <u>without</u> his permission.

4. **The first lawsuit against CBS.** In 1998, Fitzgerald discovered that WBZ-TV used one the Flemmi Photographs without permission, and he filed a lawsuit against CBS alleging that WBZ-TV copied one of the Flemmi Photographs from the *Boston Globe* and broadcast it without permission on Channel 4 on numerous occasions. See, <u>Fitzgerald v. CBS Corporation</u>, Docket Number 98-11510.

5. In March 1998, while the claim against WBZ-TV was pending but before suit was filed, *60 Minutes*, a nationally broadcast CBS television program, contacted Fitzgerald to secure a license to use the Flemmi Photographs. Fitzgerald sold CBS a license to use both Flemmi Photographs on *60 Minutes* each for a <u>single</u> screen exposure. The licensing agreement specifically says:

> 6. This contract does not grant CBS or its affiliates the permission to republish these photos on other television programs or in other media. Additional uses and re-broadcasts . . . would require further negotiation.

In a letter to the producer of *60 Minutes* on March 18, 1998, Fitzgerald says,

> As a reminder, I would be grateful if you could include a copyright notice in the show credits. I am leery of other news organizations gleaning the photos without permission, especially since these are the only topical photos – still or video—that exist of Mr. Flemmi (at least to the best of my knowledge).

See Exhibit A. CBS agreed to the limited usage of the Flemmi Photographs.

6.      CBS used one of the Flemmi Photographs on *60 Minutes* a total of five times, four times more than it was licensed to use it. A claim was made against CBS, and Fitzgerald's complaint was ultimately amended on March 15, 1999, alleging further infringement of the Flemmi Photographs by *60 Minutes*. In November 1999, Fitzgerald and CBS settled the lawsuit that was pending against WBZ-TV and *60 Minutes*.

7.      **The second lawsuit and third infringement claim against CBS.** In June 2004, CBS 4 Boston used one of Plaintiff's Flemmi Photographs numerous times on CBS 4 Boston, as well as on the CBS 4 website, and on UPN 38. This second lawsuit followed shortly thereafter.

8.      CBS admits that it used the Flemmi Photograph five times on CBS 4 newscasts, twice on the newscasts of UPN 38, as well as on the CBS 4 (WBZ-TV) website. However, CBS claims that its use of the Flemmi Photograph was an innocent mistake and was permitted as "fair use" under the Copyright Act.

9.      Fitzgerald owns a *rare* and valuable asset in the Flemmi Photographs and he has attempted to control and monitor all uses of the Photographs.

10.     Plaintiff has served and Defendant has answered twenty-five interrogatories in this action. Plaintiff has served two requests for documents and things. Plaintiff has conducted a deposition under R.Civ.P. Rule 30(b)(6) of one of Defendant's witnesses, and Defendant has conducted a deposition of Plaintiff.

11. Plaintiff is seeking leave to propound an additional twelve (12) interrogatories and serve three (3) additional requests for documents because there is no other way for Plaintiff to obtain the information he is requesting. Most of the additional interrogatories and requests for documents were prompted by answers given by Defendant's 30(b)(6) deposition witness. The additional discovery sought is not duplicative of other discovery, and the burden on Defendant is not onerous given Plaintiff's claim to Statutory Damages under Section 504(c) of the Copyright Act totaling $150,000, the resources of CBS versus the resources of Plaintiff, and the important issue of determining the extent of fair use of a copyrighted photograph for news reporting purposes under Section 107 of the Copyright Act. Furthermore, such additional interrogatories are consistent with the principles of R.Civ.P 26(b)(2). See, Treppel v. Biovail Corp., 233 F.R.D. 363 (S.D.N.Y. 2006).

12. The Defendant will not be prejudiced by the allowance of this Motion since most all of the information sought should be readily available to Defendant and the additional cost to Defendant should be modest. Copies of the proposed interrogatories and requests for documents are attached hereto as Exhibits B and C.

WHEREFORE, the Plaintiff moves for leave to propound an additional twelve (12) interrogatories and a third set of requests for documents (containing three requests), and that Defendant be required to answer said interrogatories and produce said documents within thirty (30) days which is a few days beyond the August 31, 2006 deadline within which discovery is scheduled to end.

|  |  |
|---|---|
|  | CHRISTOPHER FITZGERALD,<br>By his attorney, |
|  | /s/ Andrew D. Epstein |
| July 31, 2006 | Andrew D. Epstein, Esquire<br>BBO #155-140<br>Barker, Epstein & Loscocco<br>10 Winthrop Square<br>Boston, MA  02110<br>(617) 482-4900<br>FAX: (617) 426-5251 |

Attached Exhibits

Exhibit A – March 16, 1998 license from Fitzgerald to CBS Broadcasting

Exhibit B – Proposed Interrogatories

Exhibit C – Proposed Request for Documents