UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER FITZGERALD<br>    Plaintiff,<br><br>    v.<br><br>CBS BROADCASTING INC.<br>    Defendant. | CIVIL ACTION<br>NO. 04-CV-12138-NG |

**RESPONSE OF DEFENDANT CBS BROADCASTING INC.
TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN
SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, defendant CBS Corp. ("CBS")[1] submits this response to the statement of facts contained in Plaintiff's Motion for Partial Summary Judgment. CBS also incorporates herein its Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment.

Because plaintiff's Rule 56.1 statement of facts is not separately numbered by paragraph, CBS's response below identifies the corresponding paragraphs by the section and page number of each statement.

  1. *First Paragraph of Facts Section I in Plaintiff's Memorandum of Law in Support of His Motion for Partial Judgment ("Plaintiff's Fact Section"), Subsection A at*

---

[1] Defendant's Answer and its Corporate Disclosure Statement filed in this matter informed Fitzgerald that CBS Corp., *not* CBS Broadcasting Inc., was the owner of CBS 4 and WSBK-TV (previously known (and sometimes referred to by the parties) as UPN 38). SOF at ¶2. Although Fitzgerald has not yet moved to substitute the correct defendant, this motion proceeds on the basis that the misnomer will be corrected before the court rules on the merits of the pending motions for summary judgment.

*pp. 1-2*. CBS admits the allegations contained in this paragraph of Plaintiff's Fact Section.

2. *First Paragraph of Plaintiff's Fact Section, Subsection B at p. 2*. CBS admits, for purposes of plaintiff's motion for summary judgment,[2] the allegations contained in the first two sentences of this paragraph of Plaintiff's Fact Section. CBS denies the remaining statements on the grounds that they are not based on the plaintiff's personal knowledge, are inadmissible opinion and should be stricken.

3. *Second Paragraph of Plaintiff's Fact Section, Subsection B at p. 2*. CBS admits the allegations contained in the first sentence of this paragraph of Plaintiff's Fact Section. CBS admits that Fitzgerald has pursued claims with respect to the Photographs, denies his characterization of having done so "aggressively" on the grounds that by his own admission he has settled all such claims without a finding of liability against any defendant (but has not yet produced copies of all settlements in response to discovery requests), states that to the extent Fitzgerald asserts that "unauthorized uses" equate to copyright infringement, CBS denies that allegation and states that its use of the Photograph was fair use. See Deposition of Christopher dated July 20, 2006 ("Fitzgerald Dep.") 8:7-16:10. CBS admits the remaining allegations contained in this paragraph of Plaintiff's Fact Section.

4. *First Paragraph of Plaintiff's Fact Section, Subsection C at p. 2-3*. CBS admits the allegations contained this paragraph, except it denies that the uses at issue in the prior litigation were "numerous," see Fitzgerald v. CBS Corporation, D. Mass. 98-11510-JLT, Complaint and Answer, denies that CBS Broadcasting Company Inc. owns or owned WBZ-TV, see Defendant's Answer and its Corporate Disclosure Statement, and denies that the statements in this paragraph are material to this action.

---

[2] In accordance with Local Rule 56.1, all admissions are solely "for purposes of the motion" for summary judgment.

5.      *Second Paragraph of Plaintiff's Fact Section, Subsection C at p. 3.*  CBS admits the allegations contained in the first sentence of this paragraph, admits the authenticity of the 1998 Stock Photograph Agreement, and denies that the quoted language accurately reflects the entire agreement or its meaning.  See Fitzgerald Aff., Ex. D.

6.      *Third Paragraph of Plaintiff's Fact Section, subsection C at p. 3 (beginning "In a letter to the producer....").*  CBS admits that the letter referred to therein was sent by or on behalf of the plaintiff, states that the contents thereof are inadmissible hearsay that should be stricken and denies the unsupported allegation that CBS agreed to the limited usage of the Flemmi Photographs, either as a matter of the fair use doctrine or as a matter of contract law.  See Fitzgerald Aff., Ex. D.

7.      *Fourth Paragraph of Plaintiff's Fact Section, Subsection C at pp. 3-4 (beginning "When CBS broadcast...").*  CBS admits that Fitzgerald amended his complaint in the case of Fitzgerald v. CBS Corporation, D. Mass. 98-11510-JLT as stated in this paragraph but denies that Fitzgerald noticed the alleged additional uses when CBS broadcast the *60 Minutes* report in 1998.  See Plaintiff's Motion to Amend Complaint, ¶¶ 7-8, Fitzgerald v. CBS Corporation, D. Mass. 98-11510-JLT.

8.      *First Paragraph of Plaintiff's Fact Section, Subsection D at pp. 4-5.*

*First Sentence.*  CBS admits that it used the Photograph in a news broadcast on June 24, 2004 and June 25, 2004 and that the Photograph was available via a link to a video clip of the news report on its CBS 4 website for a period of 4 days and otherwise denies the allegations of the first sentence of this paragraph.  See Answers and Objections of CBS Broadcasting Inc. to Plaintiff's First Set of Interrogatories dated July 25, 2005("CBS Interrogatory Responses"), Interrogatory No. 5.

*Second Sentence.*  CBS admits the allegations contained in this sentence, denies the allegations contained in footnote 1 to the sentence on the grounds that

LITDOCS/653055.1

plaintiff has offered no admissible evidence proving that the Photograph was broadcast over UPN 38 (WSBK-TV), and denies that any such use was "unauthorized" in that any such use would be a fair use of the Photograph. CBS further states that it has moved to dismiss the wholly duplicative action filed by plaintiff, which motion is currently pending. See Docket Report of Fitzgerald v. CBS Broadcasting Inc., Civil Action No. 06-11302-NG.

*Third Sentence.* CBS denies that plaintiff properly describes CBS's defenses in this matter, and directs the Court to CBS's Memorandum of Law in Support of Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment, and to its answers to interrogatories, attached to the Murrane Affidavit filed herewith.

*Fourth - Sixth Sentences.* CBS admits the allegations contained in these sentences.

*Seventh Sentence (beginning "The pitch reel was available...").* CBS denies that John Martorano had Mafia connections that were only "somewhat related to Flemmi." See Government's Motion for Departure Pursuant to Section 5K1.1 of the United States Sentencing Guidelines, filed in United States v. Martorano, dated May 13, 2004 (attached to Murrane Affidavit filed herewith); Answers and Objections of CBS Broadcasting Inc. to Plaintiff's First Set of Interrogatories dated July 25, 2005, Interrogatory No. 5. CBS admits that the pitch reel was available to station employees, CBS Interrogatory Responses, Interrogatory No. 3, and admits the remaining allegations in this sentence.

9.   *Second Paragraph of Plaintiff's Fact Section, Subsection D at p. 5.* CBS denies that the Photographs are "rare and valuable." See Exhibit to Affidavit of Christopher Fitzgerald in Support of Motion for Summary Judgment (reflecting licensing fees that begin at $150). CBS also denies that Fitzgerald has preserved the continuing

value of the Photographs, given the number of times he has authorized their publication. Id. CBS admits the remaining allegations contained in this paragraph, and further states that they are not material.

10. *First Paragraph of Plaintiff's Fact Section, subsection E at p. 5.*

*First Sentence.* CBS admits the allegations in this sentence and further states that the 1998 *60 Minutes* broadcast was purged within a few months after it was recorded. Deposition of Jennifer Street dated July 19, 2006 at 39:13-39:22.

*Second Sentence.* CBS denies that the 1998 *60 Minutes* tape or the Pitch Reel was a "use" of the Photograph and denies that it was obligated to disclose their existence under the Mutual Release and Settlement Agreement. See Mutual Release and Settlement Agreement dated October 23, 1999, Fitzgerald Aff., Exhibit F.

*Third Sentence.* CBS admits that the a portion of the Mutual Release and Settlement Agreement is selectively quoted in this sentence and denies the remaining allegations as contentions of law. See Mutual Release and Settlement Agreement dated October 23, 1999, Fitzgerald Aff., Exhibit F.

*Fourth Sentence.* CBS admits the allegations contained in this sentence and further states that they are not material.

*Fifth Sentence.* CBS denies this statement as it is unsupported speculation, hearsay and opinion.

*Sixth Sentence.* CBS admits the Pitch Reel was the source of the Photograph used on June 24, 2006 and June 25, 2006. CBS denies that the *60 Minutes* tape was the source of the Photograph for these broadcasts and further states that plaintiff does not cite to the record for this allegation. See CBS Interrogatory Responses, Interrogatory Nos. 3 and 5; Deposition of Jennifer Street dated July 19, 2006 at 39:13-39:22.

Respectfully submitted,

CBS BROADCASTING INC.,

By its attorneys,

/s/ Mary B. Murrane
Jonathan M. Albano, BBO#013850
Mary B. Murrane, BBO# 644448
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: September 20, 2006

### Certificate of Service

I hereby certify that this document, which was filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants by First Class U.S. Mail on September 20, 2006.

/s/ Mary B. Murrane
Mary B. Murrane