# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTOPHER FITZGERALD
Plaintiff,

v.

CBS BROADCASTING INC.
Defendant.

CIVIL ACTION
NO. 04-CV-12138-NG

**ANSWERS AND OBJECTIONS OF CBS BROADCASTING INC. TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant CBS Broadcasting Inc., hereby answers and objects to the Interrogatories Propounded by Plaintiff to Be Answered Under Oath by Defendant (First Series). Capitalized terms are as defined in Plaintiff's Interrogatories.

**INTERROGATORY NO. 1:**

Please identify all persons answering or assisting in answering these interrogatories, including as part of your answer to this interrogatory, the position or relationship each such person has with Defendant.

**RESPONSE:**

The following people assisted in answering these interrogatories:

1. Eric Cox
   Librarian
   CBS 4[1], UPN 38

2. Scott Erdman
   News Editor
   CBS 4, UPN 38

---

[1] CBS 4 is formerly known as WBZ-TV.

3. Stephanie Kord Miller
   Webmaster
   CBS 4, UPN 38

4. Jennifer Street
   Acting News Director
   CBS 4, UPN 38

5. Matt Ellis
   Former News Director
   CBS 4, UPN 38

**INTERROGATORY NO. 2:**

Please state when, how, where and from whom you first gained possession of the Photograph referred to in the Plaintiff's Complaint and please identify who gave you possession of same Photograph and in what form you received the Photograph, that is as a photographic print, in digital form, on a CD, as newspaper copy or the like, and if said Photograph was returned or given back to the Plaintiff, state when, how, and by whom it was returned, and under what circumstances.

**RESPONSE:**

CBS 4 (then known as WBZ-TV) first obtained a copy of the Photograph sometime in late 1997 or early 1998. The copy of the Photograph was obtained from an edition of The Boston Globe newspaper that carried no notice of any copyright.

**INTERROGATORY NO. 3:**

Please describe and identify, when, where, how, and under what circumstances and by whom the Photograph was stored, filed or archived by Defendant at all times while it has been in Defendant's possession, and state under what circumstances it was stored, filed or archived, and identify all persons who had access to the Photograph from the time it was first received by Defendant to date.

**RESPONSE:**

Defendant objects to this interrogatory to the extent it seeks information concerning claims previously released by the plaintiff in settling the case entitled *Fitzgerald v. CBS Corporation*, Civil Action No. 1:98-cv-11510-JLT (the "1998

Lawsuit") on the grounds that such information is neither relevant to nor calculated to lead to the discovery of evidence admissible in this action. Without waiving and subject to that objection, defendant answers this interrogatory as follows.

After the plaintiff commenced the 1998 Lawsuit, CBS 4 instructed its librarian to review all archive tapes in the station's library and remove any images of the Photograph. In addition, a message was sent via the internal e-mail system to all staff instructing them to search their individual files for copies of the Photograph and to destroy any tape in which the Photograph was used.

In May 1998, the national network program *60 Minutes* aired a copy of the Photograph. At that time, CBS 4 routinely recorded copies of all *60 Minutes* broadcasts to use as an internal resource in the event future news stories covered issues or events featured on *60 Minutes*. The May 1998 *60 Minutes* broadcast was, in accordance with that practice, recorded by CBS 4. This copy of the 60 Minutes broadcast was purged. However, upon information and belief, an employee of CBS 4 (whose identity is not known at this time) used the copy of the *60 Minutes* broadcast before it was purged to create a "pitch reel" on organized crime that included the Photograph as it appeared on *60 Minutes*. (A "pitch reel" is a tape organized by subject matter and used to facilitate the editing process of news reports on that subject matter).

In August 2000, the pitch reel containing a copy of the Photograph was placed in the video library housed at 1170 Soldiers Field Road and stored on a shelf in a section of the library housing tapes that contained mafia stories. The pitch reel was indexed "New England 60 Minutes," with the category "Crime" and the descriptor "Bulger/Flemmi." The library is maintained by a full-time librarian, but is accessible by employees of CBS

4 and UPN 38, including reporters, writers, creative services, graphics department, producers, and news editors.

**INTERROGATORY NO. 4:**

With reference to the previous interrogatory, please state how the Photograph was labeled, marked or categorized, such that you were able to find or retrieve the Photograph when it was used by the Defendant as alleged in Plaintiff's Complaint.

**RESPONSE:**

As described in more detail in the response to interrogatory three, the Photograph was contained on a pitch reel indexed "New England 60 Minutes," with the category "Crime" and the descriptor "Bulger/Flemmi." The pitch reel was stored on a shelf in a section of the station's video library housing other tapes that contained mafia stories.

**INTERROGATORY NO. 5:**

Please describe and identify where and how you used the Photograph at any time, including as part of your answer when, by whom, and under what circumstances the Photograph was used at all times to date. Also, as part of your answer to this interrogatory, please state whether you broadcast or used the Photograph in any way on WBZ-TV, Channel 4, Boston or any other television station owned or operated by you in or about June 2004, and state if you used the Photograph in or about June 2004, on Defendant's website?

**RESPONSE:**

Defendant objects to this interrogatory to the extent it seeks information concerning claims previously released by the plaintiff in settling the 1998 Lawsuit on the grounds that such information is neither relevant to nor calculated to lead to the discovery of evidence admissible in this action. Without waiving and subject to that objection, defendant answers this interrogatory as follows:

On June 24, 2004, reporter Christina Hager was preparing a news report regarding the sentencing of John Martorano on federal criminal charges. Martorano reportedly

agreed to cooperate with authorities after he learned that James "Whitey" Bulger, and Stephen "The Rifleman" Flemmi, were longtime FBI informants.

Hager and the Video Editor for the story, Scott Erdman, searched for a photo of Flemmi to use with the news report. Because the Photograph had been eliminated from the video archives (as explained in answer to interrogatory three), Hager and Erdman were unable to find a photograph before the news report aired at 10:00 p.m. on the UPN 38 broadcast. Between the time of the 10:00 p.m. UPN 38 news broadcast and the 11:00 p.m. CBS 4 news broadcast, Erdman continued his search for a photograph of Flemmi. He reviewed an old file tape containing Boston organized crime material and found nothing. He then returned to the library and as he searched the library shelves organized by subject matter, found in the mafia section the pitch reel described in answer to interrogatory 3. This tape contained the Photograph, which was then used in the 11:00 p.m., June 24, 2004, CBS 4 broadcast. Because CBS 4 rebroadcasts its 11:00 p.m. news program at 1:35 a.m. the following morning, the Photograph was rebroadcast at that time. CBS believes that the Photograph was broadcast again when the news report concerning Martorano's sentencing was rebroadcast on June 25, 2004 at 5:00 a.m. and 6:00 a.m. on CBS 4 and again at 7:00 a.m. on UPN 38.

In addition, a link to the Martorano sentencing news report containing the Photograph was posted on the home page of the CBS 4 web site on June 25, 2004. A web site user could link to a video clip of the news report via that posting. The link to the Martorano news report was removed on or about June 29, 2004 and the video clip destroyed.

**INTERROGATORY NO. 6:**

With respect to the preceding interrogatory, please state when, where, how, how often, and under what circumstances you used the Photograph, and identify who arranged for or authorized said uses. As part of your answer to this interrogatory, please state how you received permission or authority to broadcast and use the Photograph, and state who received said permission, when and under what circumstances?

**RESPONSE:**

Defendant objects to this interrogatory to the extent it seeks information concerning claims previously released by the plaintiff in settling the 1998 Lawsuit on the grounds that such information is neither relevant to nor calculated to lead to the discovery of evidence admissible in this action. Without waiving and subject to that objection, defendant refers to its answers to interrogatories three, four and five.

**INTERROGATORY NO. 7:**

Did you at any time give a copy of the Photograph to anyone or any business entity that is not owned or controlled by Defendant, and if so, please identify said person(s) and business entity(ies), and state when, and under what circumstances the Photograph was given to said person(s) or business entity(ies).

**RESPONSE:**

CBS 4 and UPN 38 have not provided a copy of the Photograph to any other news organizations or business entities not owned or controlled by the defendant.

**INTERROGATORY NO. 8:**

Please state when, how, and under what circumstances you first became aware that Plaintiff claimed ownership of the Photograph and the Copyright thereto?

**RESPONSE:**

Plaintiff's counsel asserted that plaintiff claimed ownership of the Photograph and the copyright in correspondence sent to WBZ-TV in January 1998 and, upon information and belief, plaintiff made similar assertions in a phone call to the station in January 1998.

**INTERROGATORY NO. 9:**

Please state and describe what procedures, standards, guidelines, practices or the like, you had in effect at the Defendant during the last five years to date with respect to using or refraining from using copyrighted materials of any kind, including but not limited to photographs. Please include as part of your answer to this interrogatory, any procedures, standards, guidelines, practices or the like, that use or explain the concepts known as "copyright" and "fair use," or that describe or explain what copyrighted materials can and what copyrighted materials cannot be used for news reporting purposes without permission.

**RESPONSE:**

Defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant to nor calculated to lead to the discovery of evidence admissible in this action. Without waiving and subject to that objection, defendant answers this interrogatory as follows:

As a general matter, when CBS 4 obtains material (photographs, video, etc.) pursuant to a copyright agreement, the newsroom is alerted, via email, that the material at issue is subject to limited use. The use of the material is then discussed at a daily news meeting, attended by CBS 4 and UPN 38 news management, executive producers, producers and writers, to determine when the material will air based upon the limitations under the particular copyright agreement. For example, an agreement may limit the number of times the material may be broadcast, or may set an expiration date for broadcast of the material. Once the material is broadcast, the CBS 4 and UPN 38 video

manager is responsible for ensuring that the material does not get archived. The video manager is advised of the need to prevent archive of the material at issue through two channels: via the alert sent to the newsroom and through instruction by either the news director or executive producer after the news meeting. In addition, individual questions or inquiries regarding copyright issues are referred to CBS 4 management and, as appropriate, legal counsel.

The specific procedures and practices employed with respect to the use of the Photograph are as follows: After the plaintiff commenced the 1998 Lawsuit, CBS 4 instructed its librarian to review all archive tapes in the station's library and remove any images of the Photograph. In addition, a message was sent via the internal e-mail system to all staff instructing them to search their individual files for copies of the Photograph and to destroy any tape in which the Photograph was used.

In June 2004, CBS 4 expunged all copies of the June 24, 2004 Martorano sentencing news report and all copies of the morning broadcasts from June 25 listed in the answer to interrogatory five. CBS 4 management posted notices throughout the station, including the library, the news room, every editing bay and the photographer's area, instructing staff not to use the Photograph. CBS 4 management also addressed the newsroom and showed the Photograph to the staff while instructing them not to use the Photograph and to destroy any copies of the Photograph should any exist on pitch reels or other video tape. CBS 4 management also instructed its webmaster to take down the link to the Martorano sentencing video clip and to destroy the video clip.

**INTERROGATORY NO. 10:**

Please state and describe what procedures standards, guidelines, practices or the like, you had in effect during the last five years to date, with respect to protecting Defendant from using copyrighted materials including but not limited to photographs, without permission or authority from their respective copyright owners.

**RESPONSE:**

Defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant to nor calculated to lead to the discovery of evidence admissible in this action. Without waiving and subject to that objection, defendant incorporates its response to interrogatory nine.

**INTERROGATORY NO. 11:**

With respect to the preceding two interrogatories, please state when, why, how, under what circumstances, and by whom, any such practices standards, guidelines, practices or the like, were first implemented by Defendant, and if they were changed at any time, when they were changed, why and identify by whom they were changed, and under what circumstances.

**RESPONSE:**

Defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant to nor calculated to lead to the discovery of evidence admissible in this action. Without waiving and subject to that objection, defendant incorporates its response to interrogatory nine.

**INTERROGATORY NO. 12:**

With respect to the preceding three interrogatories, please summarize all such procedures, standards, guidelines, practices or the like, and state whether any of such procedures, standards, guidelines, practices or the like are in writing, and if so, please provide a copy of same as part of Defendant's responses to Plaintiff's Requests for Documents.

**RESPONSE:**

Defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant to nor calculated to lead to the discovery of evidence admissible in this action. Without waiving and subject to that objection, defendant incorporates its response to interrogatory nine.

**INTERROGATORY NO. 13:**

Please state if Defendant still has a copy of the Photograph, and if so, state how and where the Photograph has been located, stored, archived or filed from the time Defendant first received notice from Plaintiff or on his behalf that Plaintiff was making a claim for infringement or unauthorized use of the Photograph by Defendant. As part of your answer to this interrogatory, please state where the photograph is located, who has possession, custody or control of the Photograph, how the Photograph is labeled, filed, stored, archived, or otherwise referenced, and state what safeguards, procedures, standards, guidelines, practices or the like, Defendant has in effect to prevent the use of the Photograph in the future, and state when said safeguards, procedures, standards, guidelines, practices or the like were first implemented and by whom.

**RESPONSE:**

Defendant states that to the best of its knowledge, neither CBS 4 nor UPN 38 currently has a copy of the Photograph. Defendant further states that the pitch reel containing the Photograph is in the possession of defendant's counsel.

**INTERROGATORY NO. 14:**

Identify the individual or individuals who were responsible for preparing the website content and the news story in which the Photograph was used by Defendant, and describe what was done by each of said individuals in preparing the website content and in researching, writing, producing, creating, and filming said news story, including as part of your answer to this interrogatory, where said individuals found or located the Photograph and how and where it was found or located. Also, please identify each source consulted by Defendant in preparing the website and news story that used the Photograph including the nature of the source, the date it was consulted, and by whom it was consulted.

**RESPONSE:**

Defendant objects to this interrogatory to the extent it seeks information about the June 2004 news reports unrelated to the use of the Photograph (*e.g.*, information about the Martorano plea bargain) on the grounds that the interrogatory is overbroad, unduly burdensome, requests information beyond the scope of permissible discovery, irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the ground that the compelled disclosure of such information would violate defendant's rights under the First Amendment to the United States Constitution and federal common law.

Subject to and without waiving its objections, with respect to the use of the Photograph, defendant incorporates its answer to interrogatory five. In addition, defendant is not aware of any use of the Photograph on the CBS 4 web site other than as described in the answer to interrogatory five. Stephanie Kord Miller is the webmaster for the CBS 4 website.

**INTERROGATORY NO. 15:**

Does Defendant now have or did it ever have possession of, or the right to use any other photographs of Stephen Flemmi, other than the one that is the subject of this Action, and if so, please describe said photographs in as much detail as possible, state where and how said photographs were obtained, by whom and when they were obtained and for what purposes and under what circumstances they were obtained, and state what rights if any, Defendant had or obtained to use any of said photographs.

**RESPONSE:**

The defendant states that the pitch reel containing the Photograph includes two other photographs of Stephen Flemmi, which were also broadcast during the 60 Minutes news story. Defendant states that, to the best of defendant's knowledge, except for those

two photographs neither CBS 4 nor UPN 38 currently has possession of any other photographs of Stephen Flemmi. Whether they would have a right to make fair use of such photographs in news reports is a legal question that is before the Court in this case.

**INTERROGATORY NO. 16:**

Have you or has anyone on your behalf obtained from any person any report, statement, memorandum, testimony or other document, relating to the circumstances of the allegations contained in the Plaintiff's Complaint, and if so, identify, describe and summarize same and state whether it was oral, written, signed or unsigned and state where each is located and state who has custody, control or possession of same.

**RESPONSE:**

Defendant objects to this interrogatory on the grounds that it seeks work product without any showing of substantial need and, in addition, objects to the extent the interrogatory seeks information subject to the attorney client privilege.

**INTERROGATORY NO. 17:**

If Defendant expects to call any expert witness or witnesses to give testimony at the time of trial, please identify each such expert and state the subject matter on which each expert is expected to testify, and give the substance of facts and opinions to which each expert is expected to testify and a summary of the grounds of each opinion.

**RESPONSE:**

Defendant has not determined at this time which if any expert witnesses it intends to call at the trial of this matter and reserves the right to supplement this interrogatory in accordance with the Rules of Civil Procedure.

**INTERROGATORY NO. 18:**

Please itemize, in as much detail as possible and as nearly exactly as possible, all revenue derived or received by Defendant in any way in 2004, from its website.

**RESPONSE:**

Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is beyond the scope of permissible discovery, irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. More specifically, the gross profits "derived or received … in any way" from the CBS 4 web site have no bearing on any of the liability or damages issues in dispute in this case. Defendant also objects to this document request on the grounds that it seeks confidential business information.

**INTERROGATORY NO. 19:**

Please itemize in as much detail as possible, the costs, credits, and expenses that you claim should be deducted from all revenues itemized, stated, or listed in Interrogatory 18 that would aid in the calculation of Defendant's net profits received from its website.

**RESPONSE:**

Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is beyond the scope of permissible discovery, irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this interrogatory on the grounds that it seeks confidential business information.

**INTERROGATORY NO. 20:**

Please itemize, in as much detail as possible and as nearly exactly as possible, all revenue derived or received by Defendant in any way in 2004, from any news broadcasts in which the Photograph was used.

**RESPONSE:**

Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is beyond the scope of permissible discovery, irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. More specifically, the gross profits of defendant's news broadcasts do not have any bearing on the liability or damages issues in this case, nor is it possible to provide any reasonably reliable estimate of gross profits "derived or received … in any way" from the use of the Photograph during news broadcasts, particularly since the advertising time for those broadcasts was sold beforehand without any knowledge that the Photograph would be used in any way. Defendant also objects to this interrogatory on the grounds that it seeks confidential business information.

**INTERROGATORY NO. 21:**

Please itemize in as much detail as possible, the costs, credits, and expenses that you claim should be deducted from all revenues itemized, stated, or listed in Interrogatory 20 that would aid in the calculation of Defendant's net profits received from any news broadcasts in which the Photograph was used.

**RESPONSE:**

Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is beyond the scope of permissible discovery, irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this interrogatory on the grounds that it seeks confidential business information.

**INTERROGATORY NO. 22:**

Please list all complaints, warnings, comments, claims, and the like that have been brought or made against Defendant by any persons or business entities in the last five years in which Defendant was alleged to have used any "copyrighted works" without permission or authority. In answering this interrogatory, "copyrighted works" shall include but shall not be limited to all works of authorship that are subject to copyright protection such as photographs, illustrations, paintings, drawings stories, writings, letters, music, musical performances, plays, screenplays, movies and the like. Also, as part of your answer to this interrogatory, please state what resolution, if any, was made with respect to said complaints, warnings, comments, claims and the like, when, and under what circumstances, and identify who of Defendant has the most knowledge of each of said complaints, warnings, comments, claims and the like.

**RESPONSE:**

Defendant objects to this interrogatory on the grounds that it is vague, overbroad, and seeks information that is beyond the scope of permissible discovery, irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, defendant is not aware of any lawsuits filed during the past five years alleging a copyright claim in connection with either CBS 4 or UPN 38.

**AS TO THE ANSWERS:**

Jennifer L Street deposes and states that the answers to the interrogatories herein are true to the best of my present knowledge, information and belief.

Signed under the penalties of perjury this 22nd day of July, 2005.

Jennifer L Street

**AS TO THE OBJECTIONS:**

**CBS BROADCASTING INC.,**

By its attorneys,

Jonathan M. Albano, BBO#013850
Mary B. Murrane, BBO# 644448
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: July 25, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on the following via facsimile and U.S. Mail on July 25, 2005:

Andrew D. Epstein, Esq.
Barker, Epstein & Loscocco
10 Winthrop Square
Boston, MA 02110

Mary B. Murrane, Esq.