# EXHIBIT 12

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER FITZGERALD<br><br>Plaintiff,<br><br>v.<br><br>CBS CORPORATION<br><br>Defendant. | CIVIL ACTION<br>NO. 98CV11510-JLT |

**ANSWER OF CBS CORPORATION TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant CBS Corporation, for its answer to plaintiff's Amended Complaint, hereby pleads and alleges as follows:

1. Answering the unnumbered introductory paragraph of the plaintiff's complaint, defendant denies the allegations, except admits that plaintiff purports to base jurisdiction and venue on the statutory authorities alleged therein.

2. Answering paragraph 1 of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore denies such allegations.

3. Answering paragraph 2 of the complaint, defendant denies the allegations contained therein, except admits that CBS is a corporation duly organized by law, that it operates WBZ-TV, a television station located at 1170 Soldiers Field Road, Brighton, Massachusetts, and that it is the ultimate parent of CBS Broadcasting Inc., a division of which produces 60 Minutes.

4. Answering paragraph 3 of the complaint, defendant denies that plaintiff has at all times owned, or continues to own, all rights to the photographs at issue in this case, is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 3, and therefore denies such allegations.

LITDOCS:284342.1

5. Answering paragraph 4 of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, except admits that plaintiff has attached documents to his complaint as Exhibits A and B which purport to be certificates of registration.

6. Answering paragraph 5 of the complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies such allegations, except admits that The Boston Globe published a photograph at issue in this case on or about January 7, 1995.

7. Answering the allegations of the first sentence of paragraph 6, defendant admits that it broadcast a portion of the image contained in a previously published copy of the photograph at issue in this case on or about January 8, 9, 10 and 20, 1998, and denies the remaining allegations of the first sentence of paragraph 6. Answering the second sentence of paragraph 6, defendant denies that it has infringed plaintiff's copyright, denies that plaintiff is entitled to damages, admits that it broadcast a portion of a previously published copy of a photograph at issue in this case, denies that, given the prior publications of the photograph and its subject matter, further permission or authority was required in order to use a portion of a previously published copy of the photograph for news reporting purposes, and denies any remaining allegations of paragraph 6.

8. Answering paragraph 7 of the Amended Complaint, defendant repeats and realleges its answers to paragraphs 1 through 7 above as if each were set forth here in its entirety.

9. Answering paragraph 8 of the Amended Complaint, defendant admits that in or about March 1998 it entered into discussions with plaintiff about broadcasting photographs of Steven Flemmi on the news program 60 Minutes, admits that copies of photographs of Mr. Flemmi are attached to plaintiff's Amended Complaint as Exhibits A and B, admits that the plaintiff and defendant entered into a Stock Photography Contract, a copy of which is attached as Exhibit C to plaintiff's Amended Complaint, states that the

terms of the Stock Photography Contract speak for themselves and denies the remaining allegations of paragraph 8.

10. Answering paragraph 9 of the Amended Complaint, defendant admits that it broadcast five images of a portion of one of the photographs at issue in this case during one 60 Minutes broadcast in 1998, states that the remaining allegations of paragraph 10 are contentions of law to which no response is required and therefore denies such allegations.

11. Answering paragraph 10 of the Amended Complaint, defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

1. The acts complained of by the plaintiff constituted a fair use under 17 U.S.C. §107.

2. The acts complained of by the plaintiff constituted a lawful use of a photograph in connection with news reports pursuant to 17 U.S.C. §113(c).

3. The acts complained of by the plaintiff are privileged under the First Amendment to the United States Constitution.

4. Plaintiff has waived his claims by permitting widespread publications and broadcasts of the photograph at issue.

5. Plaintiff's claims are barred by laches and acquiescence in that he failed timely to assert his interest in the photograph at issue despite widespread publications and broadcasts of the same.

6. Defendant has not infringed and is not now infringing any valid copyright of plaintiff.

7. Plaintiff's claims are preempted by the provisions of 17 U.S.C. §§ 101 et seq.

8. Plaintiff's complaint fails to state a claim upon which relief may be granted.

WHEREFORE, defendants request that:

1. Judgment be entered dismissing plaintiff's complaint with prejudice;

2. Defendant be awarded its costs, disbursements and reasonable attorneys fees incurred in the defense of this action; and

3. The Court enter such other relief as it deems just and proper.

                        **CBS Corporation**

                        By its attorneys,

                        Jonathan M. Albano
                        BBO# 013850
                        **BINGHAM DANA LLP**
                        150 Federal Street
                        Boston, MA 02110
                        (617) 951-8000

**Of Counsel**

Susanna M. Lowy
Naomi B. Waltman
**CBS Broadcasting Inc.**
51 West 52nd Street
New York, NY 10019
(212) 975-3513

Dated: April 20, 1999

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on April 20, 1999

                        Jonathan M. Albano