# EXHIBIT 13

OCT 20 '99 12:22 FR BINGHAM DANA LLP 18A 617 951 8736 TO 94265251          P.03

## MUTUAL SETTLEMENT AND RELEASE

Effective as of October 23 1999, Christopher Fitzgerald ("Plaintiff") and CBS Corporation ("Defendant") enter into this SETTLEMENT AND RELEASE (hereafter the "Agreement").

WHEREAS, Plaintiff brought certain causes of action against Defendant which are the subject of Civil Action No. 98CV11510-JLT in the United States District Court for the District of Massachusetts (the "Lawsuit"); and

WHEREAS, Defendant denies all of Plaintiff's allegations in the Lawsuit; and

WHEREAS, bona fide disputes and controversies exist between Plaintiff and Defendant and, by reason of such disputes and controversies, Plaintiff and Defendant desire to compromise and settle all claims, demands, and causes of action between them, arising in contract, in tort, by statute, at law or in equity, fixed or contingent, whether known or unknown, actual or potential, that were asserted or could have been asserted by Plaintiff against Defendant or by Defendant against Plaintiff, arising out of the facts, transactions, occurrences, actions, or events which gave rise to the Lawsuit.



EXHIBIT 23
Sheet
R. Grogan 7/19/06

0071

LITDOCS:320219.1

Received Time Oct.20. 12:22PM

OCT 20 '99 12:23 FR BINGHAM DANA LLP 18A 617 951 8736 TO 94265251    P.04

-2-

## TERMS

THEREFORE, in consideration of the mutual promises, covenants, and warranties contained herein, the receipt and sufficiency of which is acknowledged, the parties hereto agree as follows:

1. Plaintiff agrees to deliver to Defendant a fully executed Joint Stipulation of Dismissal with Prejudice, in the form attached hereto as Exhibit A, contemporaneously with the final execution and delivery of this Agreement to Defendant, such executed Stipulation to be promptly filed with the court.

2. Defendant agrees to pay the total sum of $15,000 by check(s) made payable to "Andrew D. Epstein, as attorney for Christopher Fitzgerald" contemporaneously with the final execution and delivery of this Agreement by Plaintiff to Defendant.

## RELEASES

3. Plaintiff hereby discharges, releases, and acquits Defendant, its affiliates, subsidiaries, parent corporations, successors-in-interest, predecessors-in-interest, agents, servants, employees, partners, officers, directors and representatives, of and from all claims, demands, or causes of action of any kind (including costs, expenses, and legal fees which may be or have been incurred in connection with such claims), at law or in equity, fixed or contingent, known or unknown, actual or potential, which have been or could have been asserted in the Lawsuit, including any claims, demands, or

-3-

causes of action relating to any publication, broadcast, re-broadcast or other use of the photographs that were the subject of the Lawsuit (the "Photographs").

4. Defendant hereby discharges, releases, and acquits Plaintiff, his heirs, successors or assigns, from all claims, demands, or causes of action of any kind (including costs, expenses, and legal fees which may be or have been incurred in connection with such claims), at law or in equity, fixed or contingent, known or unknown, actual or potential, which have been or could have been asserted in the Lawsuit.

## WARRANTIES AND REPRESENTATIONS

5. Each signatory hereto represents and warrants that he or it is unaware of any uses by the Defendant of the photographs at issue in the Lawsuit other than those that have been disclosed in the pleadings filed and discovery conducted in the Lawsuit.

6. Each signatory hereto represents and warrants that he or it is authorized to execute this Agreement on behalf of the party for whom he or it purports to execute this Agreement.

7. Each party warrants and represents that he or it is legally competent to execute this Agreement and that he or it is the owner of the claims, liabilities, and causes of action released herein and that he or it has not assigned, transferred, conveyed, or in any way encumbered any claim, liability or cause of action released herein. Each party warrants and

OCT 20 '99 12:23 FR BINGHAM DANA LLP 18A 617 951 8736 TO 94265251   P.06

-4-

represents that he or it is fully authorized to execute this Agreement without the necessity of obtaining the consent of any other party and that no other person or entity needs to be joined in this Agreement in order to accomplish the agreements and releases set forth herein. Plaintiff warrants and represents that it has not assigned or otherwise disposed of any claims or causes of action made the basis of the Lawsuit and which are settled and released by this Agreement.

8. Each party warrants and represents that the execution and performance of this Agreement will not result in a breach of or constitute a default under any charter or bylaw of any provision which is binding on he or it or any other agreement, contract, or undertaking to which he or it is a party.

9. Each party warrants and represents that he or it has read this Agreement, understands this Agreement, and freely and voluntarily entered into this Agreement after receiving the advice of counsel.

## INDEMNIFICATION

10. Plaintiff hereby indemnifies, defends, and holds harmless Defendant from any and all claims, demands, actions, or causes of action of whatsoever nature or character, including all costs, expenses, and legal fees in defending same, which have been or which may hereafter be asserted by any person or entity whomsoever claiming by or through Plaintiff, arising out of the transaction or occurrence that formed the basis for the Lawsuit.

0074

LITDOCS:320219.1

Received Time Oct.20. 12:22PM

OCT 20 '99 12:24 FR BINGHAM DANA LLP 18A 617 951 8736 TO 94265251  P.07

-5-

## CONFIDENTIALITY

11. Each party shall maintain the strict confidentiality of all matters relating to this Agreement, and shall not disclose any such matters to any third party except as may be required by governmental regulation, authority, or court order. This confidentiality provision shall extend to all members of the Plaintiff's immediate family and counsel for each party. The parties shall be entitled to reveal only that the Lawsuit has been concluded on terms mutually acceptable to all of the parties without any reference to the existence or amount of compensation paid hereunder. Notwithstanding anything to the contrary in this paragraph, this Agreement shall not prohibit the disclosure of any amounts paid or to be paid by any party as a result of this Agreement to its accountants, bookkeepers, attorneys, or tax consultants nor shall it prohibit any party from taking any legal action necessary to enforce this Agreement or exercise any rights thereunder. In the event of future litigation between Plaintiff and Defendant concerning the Photographs, nothing herein shall prevent Plaintiff from attempting to offer this Agreement in evidence, subject to Defendant's right to object to the admissibility of such evidence, which Defendant hereby reserves the right to do.

## MERGER

12. This instrument contains the entire agreement between the parties hereto relating to the subject matter hereof and there are no

LITDOCS:320219.1                                                        0075
Received Time Oct.20. 12:22PM

OCT 20 '99 12:24 FR BINGHAM DANA LLP 18A 617 951 8736 TO 94265251    P.08

-6-

inducements, representations, warranties, or understandings that do not appear within the terms and provisions of this Agreement. This Agreement supersedes any and all prior oral and/or written agreements between the parties regarding the Lawsuit.

13. Each party understands that this is a full, final, and complete settlement and release and that the consideration described herein is all of the consideration to be given by each party hereto.

## MISCELLANEOUS

14. It is expressly agreed that this payment shall not be deemed a license fee, nor any admission, statement against interest or concession by the Defendant with respect to the claims and defenses asserted in the Lawsuit. The parties agree that this Agreement is made to avoid the expense of litigation, without any admission of liability or concessions by either party as to the claims and defenses asserted in the Lawsuit.

15. Any reference to the "party," the "parties" or any individual party shall mean and refer to the party or parties so named in the Lawsuit and each of their affiliates, subsidiaries, parent corporations, successors-in-interest, predecessors-in-interest, agents, servants, employees, partners, officers, directors, and representatives, whether specifically named herein or not, and any other person in privity with any of them.

16. This Agreement may not be orally modified, amended, or terminated, and no term hereof may be waived. No modification,

LITDOCS:320219.1

0076

Received Time Oct. 20. 12:22PM

OCT 20 '99 12:25 FR BINGHAM DANA LLP 18A 617 951 8736 TO 94265251   P.09

-7-

amendment, termination or claimed waiver of any of the provisions of this Agreement shall be binding unless made in writing and signed by the party against whom such modification, amendment, or waiver is sought to be enforced.

17. It is expressly understood and agreed that the terms hereof are contractual and not mere recitals, and that the agreements contained herein and the consideration transferred are intended to compromise doubtful and disputed claims, avoid litigation, and buy peace, and that no payments made or other consideration given shall be construed as an admission of liability by any party, all liability being expressly denied.

18. It is further understood and agreed that this Agreement has been prepared by the joint efforts of the respective attorneys for each of the parties.

19. This Agreement may be executed in one or more counterparts, each of which when so executed and delivered shall be deemed to be an original, but all of which taken together shall constitute but one and the same instrument. A facsimile signature of this Agreement shall be effective in all respects.

20. Each of the parties to the Lawsuit shall bear its own costs of court, attorney's fees, and all other costs of litigation.

LITDOCS:320219.1

0077

Received Time Oct.20. 12:22PM

OCT 20 '99 12:25 FR BINGHAM DANA LLP 18A 617 951 8736 TO 94265251    P.10

-8-

21. All headings used in this Agreement are used for convenience only and shall not be used to construe the meaning of any provision of this Agreement.

## GOVERNING LAW

22. This Agreement shall be governed by the laws of the Commonwealth of Massachusetts and shall take effect as an instrument under seal. In the event any one or more of the provisions contained herein should be invalid, illegal, or unenforceable in any respect, the validity, legality, and enforceability of the remaining provisions contained herein shall not in any way be effected thereby and each remaining term and provision of this Agreement shall be valid and be enforced to the fullest extent permitted by law.

AGREED AND ACCEPTED:

*/s/ Christopher Fitzgerald*
_____
Christopher Fitzgerald

CBS CORPORATION

By:_____

LITDOCS:320219.1                                    0078
Received Time Oct.20. 12:22PM

OCT 20 '99 12:25 FR BINGHAM DANA LLP 18A 617 951 8736 TO 94265251    P.10

-8-

21. All headings used in this Agreement are used for convenience only and shall not be used to construe the meaning of any provision of this Agreement.

## GOVERNING LAW

22. This Agreement shall be governed by the laws of the Commonwealth of Massachusetts and shall take effect as an instrument under seal. In the event any one or more of the provisions contained herein should be invalid, illegal, or unenforceable in any respect, the validity, legality, and enforceability of the remaining provisions contained herein shall not in any way be effected thereby and each remaining term and provision of this Agreement shall be valid and be enforced to the fullest extent permitted by law.

AGREED AND ACCEPTED:

_____
Christopher Fitzgerald

CBS CORPORATION

By: _____

0079

LITDOCS:320219.1

Received Time Oct.20. 12:22PM