UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTOPHER FITZGERALD<br><br>        Plaintiff,<br><br>v.<br><br>CBS BROADCASTING INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)  NO. 04-CV-12138-NG<br>)<br>)<br>)<br>)<br>) |

**RESPONSE OF DEFENDANT CBS BROADCASTING INC.
TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN
SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, CBS Corp.[1] ("CBS") submits this response to the Rule 56.1 Statement of Undisputed Material Facts Submitted in Support of Plaintiff's Motion for Partial Summary Judgment filed on October 4, 2006 ("Rule 56.1 SOF"). Plaintiff filed his Rule 56.1 SOF more than a month after filing the motion for partial summary judgment these facts purportedly support, and accordingly CBS moves to strike plaintiff's Rule 56.1 SOF for noncompliance with Local Rule 56.1. Alternatively, CBS responds in numbered paragraphs corresponding to the Rule 56.1 SOF as follows:

    1.    CBS admits the allegations contained in Paragraph 1 of the Rule 56.1 SOF.

    2.    CBS admits the allegations contained in Paragraph 2 of the Rule 56.1 SOF.

    3.    CBS admits the allegations contained in Paragraph 3 of the Rule 56.1 SOF.

---

[1] CBS Corp., *not* CBS Broadcasting Inc., was the owner of CBS 4 (also known as WBZ-TV) and WSBK-TV (previously known (and sometimes referred to by the parties) as UPN 38) and accordingly is the proper defendant in this action. Fitzgerald filed an assented to motion to substitute CBS Corp. as the named defendant, which motion is currently pending.

4.	CBS admits, for purposes of plaintiff's motion for summary judgment,[2] the allegations contained in Paragraph 4 of the Rule 56.1 SOF.

5.	CBS denies the allegations contained in Paragraph 5 of the Rule 56.1 SOF on the grounds that they are not based on the plaintiff's personal knowledge, are inadmissible opinion and should be stricken.

6.	CBS admits the allegations contained in the first sentence of Paragraph 6 of the Rule 56.1 SOF. CBS further states that the Photograph at issue in this case (the one of Flemmi looking to the right) was published by the *Boston Globe* prior to 1998 and thereafter, as well as in *The New York Times* and in the *Boston Herald*. See Affidavit of Jonathan M. Albano ("Albano Aff.") at ¶¶ 5-11, and Exhibits C - I thereto. CBS admits that Fitzgerald has pursued claims with respect to the Photographs, denies his characterization of having done so "aggressively" on the grounds that by his own admission he has settled all such claims without a finding of liability against any defendant (but has not yet produced copies of all settlements in response to discovery requests), and states that to the extent Fitzgerald asserts that "unauthorized uses" equate to copyright infringement CBS denies that contention of law and further states that its use of the Photograph was fair use. See Deposition of Christopher Fitzgerald dated July 20, 2006 ("Fitzgerald Dep.") 8:7-16:10.

7.	CBS states that to the extent Fitzgerald asserts that "unauthorized uses" equate to copyright infringement CBS denies that contention of law and further states that its use of the Photograph was fair use. See Fitzgerald Dep. 8:7-16:10. CBS admits the remaining allegations contained in Paragraph 7 of the Rule 56.1 SOF.

8.	CBS denies that the Photographs are "rare and valuable." See Exhibit to Affidavit of Christopher Fitzgerald in Support of Motion for Summary Judgment

---

[2] In accordance with Local Rule 56.1, all admissions are solely "for purposes of the motion" for summary judgment.

("Fitzgerald Aff.") (reflecting licensing fees that begin at $150). CBS also denies that Fitzgerald has preserved the continuing value of the Photographs, given the number of times he has authorized their publication. Id. CBS admits the remaining allegations contained in Paragraph 8 of the Rule 56.1 SOF, and further states that they are not material.

9.      CBS admits the allegations contained Paragraph 9 of the Rule 56.1 SOF, except it denies that CBS Broadcasting Company Inc. owns or owned WBZ-TV, see Defendant's Answer and its Corporate Disclosure Statement, and denies that the statements in this paragraph are material to this action.

10.     CBS denies that plaintiff's claim was against WBZ-TV, denies that the uses at issue in the prior litigation were "numerous," see Fitzgerald v. CBS Corporation, D. Mass. 98-11510-JLT, Complaint and Answer, admits the remaining allegations of Paragraph 10 of the Rule 56.1 SOF, and denies that the statements in this paragraph are material to this action.

11.     CBS denies that plaintiff filed a lawsuit against WBZ-TV, denies that plaintiff's lawsuit against CBS was pending in March 1998, see Fitzgerald v. CBS Corporation, D. Mass. 98-11510-JLT, Complaint, and admits the remaining allegations contained in the first sentence of Paragraph 11 of the Rule 56.1 SOF. CBS admits the authenticity of the 1998 Stock Photograph Agreement, and denies that the quoted language accurately reflects the entire agreement or its meaning. See Plaintiff's Memorandum in Support of His Motion for Partial Summary Judgment, Exhibit D thereto (docket paper 25).

12.     CBS admits that the letter referred to in Paragraph 12 of the Rule 56.1 SOF was sent by or on behalf of the plaintiff, states that the contents thereof are inadmissible hearsay that should be stricken and denies the unsupported allegation that CBS agreed to the limited usage of the Flemmi Photographs, either as a matter of the fair use doctrine or as a matter of contract law. See Plaintiff's Memorandum in Support of His

LITDOCS/656524.1

Motion for Partial Summary Judgment, Exhibit D thereto (docket paper 25).

13. CBS denies the allegation in Paragraph 13 of the Rule 56.1 SOF that Fitzgerald noticed the alleged additional uses when CBS broadcast the *60 Minutes* report in 1998. See Plaintiff's Motion to Amend Complaint, ¶¶ 7-8, and February 24, 1999 Affidavit of Andrew D. Epstein, ¶ 1, each filed in Fitzgerald v. CBS Corporation, Civil Action No. 98-cv-11510-JLT. CBS admits the remaining allegations contained in Paragraph 13 of the Rule 56.1 SOF, but denies that the statements in this paragraph are material to this action.

14. CBS admits the allegations contained in Paragraph 14 of the Rule 56.1 SOF.

15. CBS denies that the 1998 lawsuit named WBZ-TV as a defendant, Fitzgerald v. CBS Corporation, D. Mass. 98-11510-JLT, Amended Complaint, CBS denies that the use of the Flemmi photographs by the WBZ-TV news programs or *60 Minutes* was unlawful and states that the uses were fair use, Fitzgerald v. CBS Corporation, D. Mass. 98-11510-JLT, Answer, CBS states that the 1998 Stock Photograph Agreement speaks for itself and denies that the allegations contained in this paragraph accurately reflect the entire agreement or its meaning. CBS admits the remaining allegations contained in Paragraph 15 of the Rule 56.1 SOF.

16. CBS admits the allegation in Paragraph 16 of the Rule 56.1 SOF that CBS used the Photograph in a news broadcast on June 24, 2004 and June 25, 2004 and that the Photograph was available via a link to a video clip of the news report on its CBS 4 website for a period of 4 days and otherwise denies the allegations of the first sentence of this paragraph. See Answers and Objections of CBS Broadcasting Inc. to Plaintiff's First Set of Interrogatories dated July 25, 2005("CBS Interrogatory Responses"), Interrogatory No. 5. CBS admits the allegations contained in the second sentence of Paragraph 16 of the Rule 56.1 SOF.

17. CBS admits that the a portion of the Mutual Release and Settlement Agreement is selectively quoted in Paragraph 17 of the Rule 56.1 SOF and denies the remaining allegations as contentions of law. See Mutual Release and Settlement Agreement dated October 23, 1999, attached as Exhibit F to Plaintiff's Memorandum in Support of His Motion for Partial Summary Judgment (docket paper 25).

18. CBS denies that the allegations contained in Paragraph 18 of the Rule 56.1 SOF accurately reflect the testimony of Jennifer Street. Street Dep. at 118. CBS further states that plaintiff was aware that CBS maintained a copy of the *60 Minutes* news report as a copy of it was produced to him in discovery during the 1998 litigation. See February 24, 1999 Affidavit of Andrew D. Epstein, ¶ 1, Fitzgerald v. CBS Corporation, D. Mass. 98-11510-JLT.

19. CBS denies the first sentence contained in Paragraph 19 of the Rule 56.1 SOF. See February 24, 1999 Affidavit of Andrew D. Epstein, ¶ 1, Fitzgerald v. CBS Corporation, D. Mass. 98-11510-JLT; August 5, 1999 letter from Andrew Epstein to Jonathan M. Albano, and August 11, 1999 letter from Andrew Epstein to Jonathan M. Albano, attached as Exhibits A and B to Albano Aff. CBS denies that its copy of the *60 Minutes* news story containing the Flemmi Photograph was "undisclosed" in that a copy was produced to plaintiff during discovery of the 1998 litigation. See February 24, 1999 Affidavit of Andrew D. Epstein, ¶ 1, Fitzgerald v. CBS Corporation, D. Mass. 98-11510-JLT. CBS admits the Flemmi Photograph used on June 24, 2006 and June 25, 2006 originated from the *60 Minutes* news story.

20. CBS denies the first sentence contained in Paragraph 20 of the Rule 56.1 SOF, see February 24, 1999 Affidavit of Andrew D. Epstein, ¶ 1, Fitzgerald v. CBS Corporation, D. Mass. 98-11510-JLT, denies that the allegations contained in Paragraph 20 of the Rule 56.1 SOF accurately reflect the testimony of Jennifer Street, see Street Dep. at 117-118, admits that the same *60 Minutes* news report containing a Flemmi

Photograph was on the pitch reel and on another tape of the same *60 Minutes* report, and denies that the remaining allegations contained in Paragraph 20 of the Rule 56.1 SOF are material.

21.     CBS admits the allegation in Paragraph 21 of the Rule 56.1 SOF that it kept a copy of the pitch reel in the station's video library. CBS admits that the archive copy of the *60 Minutes* broadcast was held in the library, but denies that the video existed as of June 24, 2004 because the video was destroyed approximately six months after it was made. Street Dep. at 39:7-39:22. CBS denies the remaining allegations contained in Paragraph 21 of the Rule 56.1 SOF. See February 24, 1999 Affidavit of Andrew D. Epstein, ¶ 1, Fitzgerald v. CBS Corporation, D. Mass. 98-11510-JLT.

                                          **Respectfully submitted,**

                                          **CBS BROADCASTING INC.,**

                                          By its attorneys,

                                          /s/ Mary B. Murrane
                                          Jonathan M. Albano, BBO#013850
                                          Mary B. Murrane, BBO# 644448
                                          **BINGHAM MCCUTCHEN LLP**
                                          150 Federal Street
                                          Boston, MA  02110
                                          (617) 951-8000

Dated: October 18, 2006

### Certificate of Service

I hereby certify that this document, which was filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants by First Class U.S. Mail on October 18, 2006.

                                                      /s/ Mary B. Murrane
                                                    Mary B. Murrane

LITDOCS/656524.1