UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| CHRISTOPHER FITZGERALD, | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 04-CV-12138-NG |
| CBS CORP., | ) | |
| Defendant | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
CBS CORP.'S MOTION FOR ATTORNEY'S FEES**

Defendant CBS Corp. ("CBS") respectfully submits this memorandum of law in support of its motion pursuant to 17 U.S.C. §505 for attorney's fees based upon the Court's dismissal of the complaint brought by plaintiff Christopher Fitzgerald ("Fitzgerald") in Civil Action No. 06-11302-NG.[1]

On June 22, 2007, the Court entered a Memorandum and Order re: Summary Judgment and an Order of Consolidation and Dismissal in two related actions, both captioned Christopher Fitzgerald v. CBS Broadcasting, Inc., Civil Action No. 04-12138-NG ("Fitzgerald I") and Civil Action No. 06-11302-NG ("Fitzgerald II"). The Orders granted plaintiff's motion for summary judgment as to liability in Fitzgerald I and ordered a trial on plaintiff's damages claims in that case; granted CBS's motion to dismiss plaintiff's duplicative claims for statutory damages in Fitzgerald II, and consolidated the remaining claims in that case with the claims in Fitzgerald I.

---

[1] CBS Corp., not CBS Broadcasting Inc., was the owner of CBS 4 and UPN 38 during the relevant time period and accordingly is the proper defendant in this action. In the above-captioned action, plaintiff filed an assented-to motion to substitute CBS Corp. as the named defendant, which motion is currently pending.

A/72081532.1

The dismissal of the duplicative statutory damages claims in Fitzgerald II reduced the total of plaintiff's overall claim for statutory damages by fifty percent, from the $300,000 he had asserted before the Orders entered to $150,000. Under Fed. R. Civ. P. 54(d)(2)(B), CBS is required to file any fee application in Fitzgerald II no later than fourteen days after the entry of judgment in that case. Accordingly, this fee application is being submitted prior to the termination of proceedings in Fitzgerald I.[2]

## I.   BACKGROUND

The procedural history of this case is described in detail in the Court's June 22, 2007 Memorandum and Order and will not be repeated here except as necessary to frame the issue now before the Court.

Fitzgerald I was commenced on October 12, 2004. During the course of the proceedings, plaintiff maintained that because the Flemmi photograph aired on both CBS-4 and UPN-38, he was entitled to two sets of statutory damages awards of $150,000 each, for a total of $300,000 in statutory damages. See, e.g., Docket No. 14 (March 8, 2006 Report of Mediator). See also 17 U.S.C. § 504(c)(2) (maximum statutory damage for willful copyright infringements is $150,000). CBS rejected this claim for double damages, advising Fitzgerald that the two stations were owned by the same legal entity and that statutory damages under the copyright laws are calculated based on the number of copyrighted works and the number of infringers, not on the number of incidents of infringement. See March 13, 2006 letter to plaintiff's counsel, attached as Exhibit A to Affidavit of Mary B. Murrane, Esq. ("Murrane Aff."). When plaintiff continued to press his claim for double statutory damages, CBS responded in writing with an offer of judgment explaining in more detail the

---

[2] As a technical matter, this application is filed in Fitzgerald I, rather than in Fitzgerald II, because the Court's Order of Consolidation and Dismissal required all future pleadings and submissions in the consolidated cases be filed only in Fitzgerald I.

factual and legal basis for its position that the copyright laws did not permit the double recovery sought by Fitzgerald.  See March 16, 2006 letter to plaintiff's counsel (Murrane Aff. Exhibit B), citing, inter alia, Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 194 (1st Cir. 2004).

Despite being advised in writing of the factual and legal flaws with his claim for double statutory damages, Fitzgerald continued to press the claim.  He first requested CBS to assent to a motion to amend the complaint in Fitzgerald I to expressly include a claim for double damages.  CBS refused to assent to the motion because it believed any such amendment would be futile in light of the non-meritorious nature of the claim for double recovery.  Murrane Aff. at ¶6.  Thereafter, on July 28, 2006, plaintiff filed the complaint in Fitzgerald II.  As the Court's Memorandum and Order stated, the complaint in Fitzgerald II is nearly identical to the complaint in Fitzgerald I, except that it sees to collect double statutory damages because the photograph aired on both CBS-4 and UPN-38.  See Memorandum and Order at 1.

CBS moved to dismiss Fitzgerald II on September 7, 2006.  Fitzgerald opposed the motion.  Fitzgerald II, Docket No. 7.  The motion to dismiss was granted on June 22, 2007.  The basis for the dismissal was essentially identical to the reasons CBS had provided in writing to Fitzgerald before the Fitzgerald II case was filed.  Compare Memorandum and Order at 8-10 and Murrane Aff. Exhibit B.

## II. ARGUMENT

CBS's successful defense against Fitzgerald's claim for double statutory damages in the Fitzgerald II case warrants an award of its attorney's fees under the Copyright Act. The Copyright Act provides an exception to the usual rule that parties must bear their own attorney's fees.

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than  the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

3

17 U.S.C. §505 (emphasis added). "Unlike many fee statutes, the Copyright Act requires courts to exercise their discretion in favor of prevailing plaintiffs and prevailing defendants in an evenhanded manner." Yankee Candle Co. v. Bridgewater Candle Co., 140 F. Supp.2d 111, 114-15 (D. Mass. 2001)(awarding fees to prevailing defendants under Copyright Act)[3]. See also Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994) ("Prevailing plaintiffs and prevailing defendants are to be treated alike.").

As the language of the statute makes clear, an award of attorney's fees is granted by the court "in its discretion." 17 U.S.C. §505; see e.g. Fogerty, 510 U.S. at 534. A court should consider "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in some cases to advance considerations of compensation and deterrence." Id.; Yankee Candle Co., 140 F. Supp.2d at 115.

Although an award of attorney's fees is appropriate in frivolous cases or cases brought in bad faith, "these extremes [are] no longer the sole factors to be considered." Fogerty, 510 U.S. at 534. "[A] case that is merely objectively quite weak can warrant such an award." Invensys, Inc. v. McGraw-Hill Co., 369 F.3d 16, 21 (1st Cir. 2004). See generally Edwards v. Red Farm Studio Co., 109 F.3d 80, 82 (1st Cir. 1997) (awarding defendant's fees despite that copyright claims were not "frivolous or brought in bad faith,"); García-Goyco v. Law Environmental Consultants, Inc., 428 F.3d 14, 20-21 (1st Cir. 2005) (awarding defendant attorneys fees after dismissal of "objectively weak" copyright claim).

---

[3] The Court's holding in Yankee Candle was abrogated by Invensys, Inc. v. McGraw-Hill Co., 369 F.3d 16, 23 (1st Cir. 2004) to the extent the Court awarded the defendant in Yankee Candle computer legal research costs. CBS does not seek recovery of such fees herein.

In this case, Fitzgerald's copyright claim in <u>Fitzgerald</u> II was objectively weak at best.  The Copyright Act is crystal clear that a plaintiff is limited to <u>one</u> award of statutory damages against any <u>one</u> defendant for all infringements of any <u>one</u> work:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, <u>an award</u> of statutory damages <u>for all infringements</u> involved in the action, with respect <u>to any one work</u>, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally.

17 U.S.C. §504(c)(1) (emphasis added).

Any conceivable doubt about this issue was eliminated by the First Circuit's decision in <u>Venegas-Hernandez</u> v. <u>Sonolux Records</u>, 370 F.3d at 194, a case that, besides being consistent with rulings in other jurisdictions, was brought to Fitzgerald's attention before he filed <u>Fitzgerald</u> II,  <u>See</u> Murrane Aff. Exhibit B.  <u>See also</u> <u>Twin Peak Prods., Inc.</u> v. <u>Publications Int'l. Ltd.</u>, 996 F.2d 1366, 1381 (2d Cir. 1993); <u>Walt Disney Co.</u> v. <u>Powell</u>, 897 F.2d 565, 569 (D.C. Cir. 1990); <u>Davis</u> v. <u>E.I. DuPont de Nemours & Co.</u>, 249 F. Supp. 329, 342-343 (S.D.N.Y. 1966).  In short, nothing in the Court's Memorandum and Decision dismissing <u>Fitzgerald</u> II's statutory damages claims should have been at all unexpected to Fitzgerald.  <u>See</u> Memorandum and Decision at 8-10.

As the summary judgment record in this case revealed, Fitzgerald has received $4,350 in licensing fees for seventeen uses of the photo (approximately $255 per use) and $58,600 in six settlements of infringements claims (approximately $9,766 per settlement).  <u>See</u> Memorandum and Decision at 3.  He filed <u>Fitzgerald</u> II to support a demand for *$300,000* for the use of the same photograph.  Under these circumstances, CBS should be awarded its fees incurred in obtaining the dismissal of such a baseless claim.

### A. CBS'S REQUEST IS REASONABLE.

CBS seeks recovery of attorney's fees in the amount of $19,272.00 related to its work in dismissal of <u>Fitzgerald II</u>. <u>See</u> Murrane Aff. at ¶9. As detailed in the Murrane Aff., the services covered by the application concern the initial review of the complaint in <u>Fitzgerald II</u>, research for and drafting and filing of the motion to dismiss, and preparation of a reply brief. <u>Id.</u>, at ¶¶8-9. The fee application seeks recovery of 5.1 hours for Jonathan M. Albano, the partner responsible for the case, and 47.7 hours for Mary B. Murrane, the associate who had primary responsibility for drafting the dismissal papers. <u>Id.</u>, at ¶9. <u>See also</u> copy of time entries in redacted form attached as Exhibit C to Murrane Aff.

The rates charged for services (which are set out in ¶10 of the Murrane Aff.) are established annually by Bingham McCutchen's management committee and are believed to be competitive with firms of comparable size and experience. The rates also reflect a further discount of 20% applied in this case. Murrane Aff. ¶10.

The case was litigated in an efficient manner and resulted in a fifty percent reduction in the damages claim asserted by the plaintiff. Because CBS was the prevailing party and was required to expend fees to obtain the dismissal of a meritless claim that apparently was brought only to increase the settlement value of the case, the Court should exercise its discretion to grant an award of $19,272.00 in attorney's fees to CBS.

### III.  CONCLUSION

For reasons set forth above, defendant CBS respectfully request that this Court award $19,272.00 in attorney's fees under 17 U.S.C. §505.

**Respectfully submitted,**

**CBS CORP.** (named improperly herein as CBS Broadcasting, Inc.)**,**

By its attorneys,

 /s/ Mary B. Murrane
Jonathan M. Albano, BBO#013850
Mary B. Murrane, BBO# 644448
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110
(617) 951-8000

Dated:  July 6, 2007

### Certificate of Service

I hereby certify that this document, which was filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants by First Class U.S. Mail on July 6, 2007.

 /s/ Mary B. Murrane
Mary B. Murrane