# Exhibit A

BINGHAM McCUTCHEN

Jonathan M. Albano
Direct Phone: (617) 951-8360
Direct Fax: (617) 951-8736
jonathan.albano@bingham.com

March 13, 2006

**Via Facsimile (617) 426-5251**

Andrew D. Epstein, Esq.
Barker, Epstein & Loscocco
10 Winthrop Square
Boston, MA 02110

**Re: Fitzgerald v. CBS**

Dear Drew:

After last week's mediation, we confirmed the ownership of WBZ-TV (n/k/a CBS-4) and UPN-38 (WSBK) during the time period relevant to Mr. Fitzgerald's complaint.

In June of 2004, both WBZ-TV and WSBK-TV were owned (directly) and operated by Viacom Inc. Accordingly, there is only one potential defendant-infringer for the broadcasts at issue in Mr. Fitzgerald's complaint. Because there is only one alleged infringed work and only one potential infringer, Mr. Fitzgerald has no claim to multiple awards of statutory damages. *See generally* 4 M. Nimmer and D. Nimmer, *Nimmer on Copyright* [sec] 14.04[E][2][a] (2001) ("The current Act states that only a single minimum, and a single set of statutory damages, will be applicable 'for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually.'").

I understand from Magistrate Collings' order that resolving this issue might enable the parties to settle the case. I would be grateful if you would let me know if you agree with that assessment before our status conference with Judge Gertner on Tuesday.

Very truly yours,

Jon

Jonathan M. Albano

JMA/kas

cc:   Naomi B. Waltman, Esq.

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

LITDOCS/633924.1

# Exhibit B

Case 1:04-cv-12138-NG   Document 55-2   Filed 07/06/2007   Page 3 of 12

BINGHAM McCUTCHEN

Jonathan M. Albano
Direct Phone: (617) 951-8360
Direct Fax:    (617) 951-8736
jonathan.albano@bingham.com

March 16, 2006

**Via Facsimile 617-426-5251**

Andrew D. Epstein, Esq.
Barker, Epstein & Loscocco
10 Winthrop Square
Boston, MA 02110

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

Re:  Christopher Fitzgerald v. CBS Broadcasting, Inc., D. Mass. 04-CV-12138-NG
     Fed. R. Civ. P. 68 Offer of Judgment

Dear Drew:

Pursuant to Fed. R. Civ. P. 68, the defendant hereby makes the following Offer of Judgment.

As background, I understand from our conversation of March 14, 2006, that the plaintiff's current demand is $300,000. I also understand that the current demand, which far exceeds prior demands made before and after this litigation was commenced, is premised on the theory that (a) the defendant has a zero chance of prevailing on its defenses; (b) the plaintiff has a 100% chance of recovering the maximum amount of statutory damages allowable under 17 U.S.C. § 504; and (c) CBS-4 and UPN-38 are certain to be treated as separately liable infringers. For the reasons that follow, we do not believe the current demand is a reasonable attempt to settle the case.

First, the demand completely fails to take into account any likelihood that the defendant will prevail on its First Amendment, fair use or § 113(c) defenses. I will not belabor those points here, except to say that the photograph was used in a news report on a matter of public interest in a manner that caused the plaintiff no actual damages whatsoever (as evidenced by his election of statutory damages). *See generally* 1-1 Nimmer on Copyright, § 1.10 [C] [2] ("it is intolerable that a photographer's prerogative may cut off entirely from public access a photograph that, by hypothesis, is one of which the public should be aware. Any privacy interest should be reserved to the subjects depicted in the photograph, and not to the photographer himself.").

In terms of the plaintiff's damages analysis, I am not aware of any authority supporting the proposition that CBS-4 and UPN-38 will be treated as separately liable infringers. Section 504(c) of the Copyright Act provides, in relevant part, that a copyright owner may elect to recover in lieu of actual damages "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally…." As the First Circuit has held, the amount "that a plaintiff may recover in any given action against a single defendant depends on the number of *works* that are infringed and the number of individually liable *infringers* and is unaffected by the

Andrew D. Epstein, Esq.
March 16, 2006
Page 2

Bingham McCutchen LLP
bingham.com

and severally...." As the First Circuit has held, the amount "that a plaintiff may recover in any given action against a single defendant depends on the number of *works* that are infringed and the number of individually liable *infringers* and is unaffected by the number of *infringements* of those works." *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 194 (1st Cir. 2004) (emphasis in original).

The plain meaning of § 504(c) thus prohibits the plaintiff from recovering multiple statutory damages against a single corporate defendant based on allegations of multiple infringements. As I stated in my letter of March 13, 2006, at the time of the broadcasts at issue, both CBS-4 and UPN-38 were owned by the same single corporate entity -- Viacom Inc. Neither station is a legal entity capable of suing or being sued. There thus is and can only be one defendant in this case. Accordingly, assuming that the plaintiff prevails, only "one infringer [would be] liable individually" for a statutory damages award. *See generally Davis v. E.I. DuPont de Nemours & Co.*, 249 F.Supp. 329 (S.D.N.Y. 1966) (a CBS program broadcast over 162 stations entitled plaintiff to only one award of statutory damages).[1]

In addition, when making an award of statutory damages, a court is entitled to take into account evidence of the value of the copyrighted work. The jury would be so instructed in this case. According to discovery produced by the plaintiff, in January 1998 he licensed the use of *both* photos of Stephen Flemmi to the national television show "America's Most Wanted" for use in the United States and abroad, as well as in repeat broadcasts, for the sum of $800. Indeed, it appears that the most the plaintiff ever has received by way of a licensing fee is $800 for *multiple* uses of *both* photos in *national* or *international* broadcasts. The actual damages allegedly suffered by the plaintiff in this case as a result of local broadcasts of just one of the two photos therefore is far less than $800 and, indeed, less than $400.

We also do not believe that the plaintiff's claim that the defendant willfully infringed his copyright raises a jury issue. You incorrectly assume that the 1999 settlement is admissible. It is not. Mr. Fitzgerald agreed in writing that the settlement was not an admission, and the settlement is independently inadmissible under Federal Rule of Evidence 408. Even if you are allowed to attempt to prove notice that the plaintiff previously *claimed* a copyright in the photo, the settlement will not be admissible, nor will there be any evidence that anyone involved in the photo being aired in 2004 knew that, 5 years earlier, plaintiff had asserted such an unproven claim. In the final analysis,

---

[1] Moreover, even assuming for the sake of argument that the two stations could be treated as separate infringers, § 504(c) makes clear that they would be jointly and severally liable for only one statutory damages award. *See* § 504(c) (permitting statutory damages "in a sum of not less than $750 or more than $30,000" when "any two or more infringers are liable jointly and severally").

LITDOCS/634318.1

Andrew D. Epstein, Esq.
March 16, 2006
Page 3

the plaintiff's claim is that the unknowing re-use of a Boston Globe photo that bore no copyright was a willful copyright violation. That is more properly the basis for an innocent infringement defense, not a finding of a willful violation.

For all of the foregoing reasons, we do not believe that the plaintiff's current demand of $300,000 is reasonable. We have instead analyzed the case based on the following three scenarios, each of which makes generous assumptions in the plaintiff's favor:

Bingham McCutchen LLP
bingham.com

**Scenario A**

1. The jury will return a plaintiff's verdict on liability.

2. A single statutory damages award of $800 will be returned -- an amount that is more than double the sum for which the plaintiff ever has licensed the photo.

**Scenario B**

1. The jury will return a plaintiff's verdict on liability.

2. The jury will award statutory damages of $4,800 (6 uses at $800 each).

**Scenario C**

1. The jury will return a plaintiff's verdict on liability.

2. The jury will award statutory damages of $4,800 (6 uses at $800 each).

3. Enhanced damages in a multiple of 4 will be allowed, resulting in a total verdict of $19,200, exclusive of interest, costs and attorneys' fees.

Accordingly, pursuant to Fed. R. Civ. P. 68, the defendant hereby makes an Offer of Judgment for a sum, including costs now accrued and attorneys fees, of TWENTY FIVE THOUSAND DOLLARS ($25,000).

Under Rule 68, this Offer of Judgment is deemed withdrawn if not accepted within 10 days. Because the defendant will be forced to incur additional legal fees if the plaintiff chooses not to accept this Offer, we are not willing to extend the Offer beyond that date.

Very truly yours,

*[signature]*

Jonathan M. Albano

cc:   Naomi B. Waltman, Esq.

# Exhibit C

**Invoice Time Detail**

| Matter Number | 0000096552 | | Invoice | 2273319 |
|---|---|---|---|---|
| Matter Description | Christopher Fitzgerald v. CBS | | | |

1 <u>2</u>

| Date | Timekeeper ID | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 8/1/2006 9/26/2006 | 33598 | Paola N. Reyes Invoice=2273319 | | | |
| 8/1/2006 9/26/2006 | 13151 | Mary B. Murrane Invoice=2273319 | | | |
| 8/2/2006 9/26/2006 | 13151 | Mary B. Murrane Invoice=2273319 | | | |
| 8/4/2006 9/26/2006 | 33598 | Paola N. Reyes Invoice=2273319 | | | |
| 8/4/2006 9/26/2006 | 13151 | Mary B. Murrane Invoice=2273319 | | | |
| 8/7/2006 9/26/2006 | 01378 | Jonathan M. Albano Invoice=2273319 | | | |
| 8/7/2006 9/26/2006 | 13151 | Mary B. Murrane Invoice=2273319 | | | |
| 8/8/2006 9/26/2006 | 13151 | Mary B. Murrane Invoice=2273319 | | | |
| 8/9/2006 9/26/2006 | 13151 | Mary B. Murrane Invoice=2273319 | | | |
| 8/10/2006 9/26/2006 | 13151 | Mary B. Murrane Invoice=2273319 | | | |
| 8/11/2006 9/26/2006 | 13151 | Mary B. Murrane Invoice=2273319 | | | |
| 8/11/2006 9/26/2006 | 01378 | Jonathan M. Albano Invoice=2273319 | | | |
| 8/14/2006 9/26/2006 | 13151 | Mary B. Murrane Invoice=2273319 | | | |
| 8/14/2006 9/26/2006 | 01378 | Jonathan M. Albano Invoice=2273319 | 0.70 0.70 | 366.80 366.80 | Review new Fitzgerald complaint and meeting with Ms. Murrane regarding same. |
| 8/15/2006 9/26/2006 | 13151 | Mary B. Murrane Invoice=2273319 | | | |




REDACTED

| Date | Code | Name | Hours | Amount | Description |
|---|---|---|---|---|---|
| 8/16/2006<br>9/26/2006 | 13151 | Mary B. Murrane<br>Invoice=2273319 | 2.10<br>2.10 | 730.80<br>730.80 | Meet with Mr. Albano regarding strategy for dispositive motions; review complaint in Fitzgerald II and draft outline of motion to dismiss. |
| 8/16/2006<br>9/26/2006 | 01378 | Jonathan M. Albano<br>Invoice=2273319 | | | REDACTED |
| 8/17/2006<br>9/26/2006 | 13151 | Mary B. Murrane<br>Invoice=2273319 | 4.20<br>4.20 | 1,461.60<br>1,461.60 | Draft statement of facts for dismissal of 2006 complaint. |
| 8/18/2006<br>9/26/2006 | 13151 | Mary B. Murrane<br>Invoice=2273319 | 6.60<br>6.60 | 2,296.80<br>2,296.80 | For motion to dismiss Fitzgerald II conduct legal research on limits of recovery for statutory damages based upon number of infringed works rather than number of uses; research joint and several liability under copyright law. |
| 8/21/2006<br>9/26/2006 | 13151 | Mary B. Murrane<br>Invoice=2273319 | 8.10<br>8.10 | 2,818.80<br>2,818.80 | Draft statement of facts; review case law regarding statutory awards under joint and several liability; draft memorandum of law in support of motion to dismiss. |
| 8/22/2006<br>9/26/2006 | 13151 | Mary B. Murrane<br>Invoice=2273319 | 7.80<br>7.80 | 2,714.40<br>2,714.40 | Edit motion to dismiss, statement of facts, and memorandum of law in support of motion to dismiss second Fitzgerald law suit. |
| 8/23/2006<br>9/26/2006 | 13151 | Mary B. Murrane<br>Invoice=2273319 | 8.40<br>8.40 | 2,923.20<br>2,923.20 | Edit statement of undisputed facts and edit memorandum of law for motion to dismiss second Fitzgerald complaint. |
| 8/23/2006 | 13985 | Stephanie Gardner | | | REDACTED |



# Invoice Time Detail

| Matter Number | 0000096552 | Invoice | 2279617 |

**Matter Description** Christopher Fitzgerald v. CBS

1 [2]

| Date | Timekeeper ID | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 9/1/2006 10/17/2006 | 13151 | Mary B. Murrane Invoice=2279617 | | | |
| 9/4/2006 10/17/2006 | 13151 | Mary B. Murrane Invoice=2279617 | | | |
| 9/6/2006 10/17/2006 | 13151 | Mary B. Murrane Invoice=2279617 | | | REDACTED |
| 9/7/2006 10/17/2006 | 13151 | Mary B. Murrane Invoice=2279617 | | | |
| 9/8/2006 10/17/2006 | 13151 | Mary B. Murrane Invoice=2279617 | | | |
| 9/9/2006 10/17/2006 | 13151 | Mary B. Murrane Invoice=2279617 | | | |
| 9/10/2006 10/17/2006 | 13151 | Mary B. Murrane Invoice=2279617 | | | |
| 9/12/2006 10/17/2006 | 01378 | Jonathan M. Albano Invoice=2279617 | | | |
| 9/12/2006 10/17/2006 | 13151 | Mary B. Murrane Invoice=2279617 | | | REDACTED |
| 9/13/2006 10/17/2006 | 01378 | Jonathan M. Albano Invoice=2279617 | | | |
| 9/13/2006 10/17/2006 | 13151 | Mary B. Murrane Invoice=2279617 | | | |
| 9/14/2006 10/17/2006 | 13151 | Mary B. Murrane Invoice=2279617 | | | |

| Date | ID | Name | Hours | Amount | Description |
|---|---|---|---|---|---|
| 9/14/2006<br>10/17/2006 | 01378 | Jonathan M. Albano<br>Invoice=2279617 | | | REDACTED |
| 9/15/2006<br>10/17/2006 | 13151 | Mary B. Murrane<br>Invoice=2279617 | | | |
| 9/17/2006<br>10/17/2006 | 13151 | Mary B. Murrane<br>Invoice=2279617 | | | |
| 9/19/2006<br>10/17/2006 | 13151 | Mary B. Murrane<br>Invoice=2279617 | | | |
| 9/20/2006<br>10/17/2006 | 13151 | Mary B. Murrane<br>Invoice=2279617 | | | |
| 9/21/2006<br>10/17/2006 | 13151 | Mary B. Murrane<br>Invoice=2279617 | | | |
| 9/26/2006<br>10/17/2006 | 13151 | Mary B. Murrane<br>Invoice=2279617 | 1.90<br>1.90 | 661.20<br>661.20 | Review opposition to motion for summary judgment and draft outline reply brief. |
| 9/27/2006<br>10/17/2006 | 13151 | Mary B. Murrane<br>Invoice=2279617 | 2.60<br>2.60 | 904.80<br>904.80 | Draft reply brief in support of motion to dismiss 2006 action and in opposition to motion for summary judgment. |
| 9/28/2006<br>10/17/2006 | 13151 | Mary B. Murrane<br>Invoice=2279617 | 2.40<br>2.40 | 835.20<br>835.20 | Edit reply memorandum in support of motion to dismiss. |
| 9/29/2006<br>10/17/2006 | 13151 | Mary B. Murrane<br>Invoice=2279617 | 0.40<br>0.40 | 139.20<br>139.20 | Edit reply brief. |
| 9/30/2006 | 01378 | Jonathan M. Albano | 4.40 | 2,305.60 | Revise reply to opposition to motion to dismiss |

## Invoice Time Detail 

**Matter Number**  0000096552                                        **Invoice**  2285475

**Matter Description**  Christopher Fitzgerald v. CBS

| Date | Timekeeper ID | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 10/2/2006 | 13151 | Mary B. Murrane | 0.30 | 104.40 | Review revised reply brief. |
| 11/20/2006 | | Invoice=2285475 | 0.30 | 104.40 | |
| 10/5/2006 | 13151 | Mary B. Murrane | 2.90 | 1,009.20 | Finalize and file opposition to motion for summary judgment and reply brief in support of motion to dismiss 2006 lawsuit. |
| 11/20/2006 | | Invoice=2285475 | 2.90 | 1,009.20 | |
| 10/10/2006 | 01378 | Jonathan M. Albano | | | |
| 11/20/2006 | | Invoice=2285475 | | | |
| 10/10/2006 | 13151 | Mary B. Murrane | | | |
| 11/20/2006 | | Invoice=2285475 | | | |
| 10/11/2006 | 01378 | Jonathan M. Albano | | | |
| 11/20/2006 | | Invoice=2285475 | | | |
| 10/12/2006 | 01378 | Jonathan M. Albano | | | |
| 11/20/2006 | | Invoice=2285475 | | | |
| 10/13/2006 | 13151 | Mary B. Murrane | | | |
| 11/20/2006 | | Invoice=2285475 | | | |
| 10/16/2006 | 13151 | Mary B. Murrane | | | |
| 11/20/2006 | | Invoice=2285475 | | | |
| 10/17/2006 | 13151 | Mary B. Murrane | | | |
| 11/20/2006 | | Invoice=2285475 | | | |
| 10/18/2006 | 13151 | Mary B. Murrane | | | |
| 11/20/2006 | | Invoice=2285475 | | | |
| 10/19/2006 | 13151 | Mary B. Murrane | | | |
| 11/20/2006 | | Invoice=2285475 | | | |
| 10/20/2006 | 13151 | Mary B. Murrane | | | |
| 11/20/2006 | | Invoice=2285475 | | | |
| 10/24/2006 | 13151 | Mary B. Murrane | | | |
| 11/20/2006 | | Invoice=2285475 | | | |
| 10/24/2006 | 01378 | Jonathan M. Albano | | | |
| 11/20/2006 | | Invoice=2285475 | | | |
| 10/25/2006 | 13151 | Mary B. Murrane | | | |
| 11/20/2006 | | Invoice=2285475 | | | |
| | | BILLED TOTALS: WORK: | | | |
| | | BILLED TOTALS: BILL: | | | |

