UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHRISTOPHER FITZGERALD, | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | No. 04-12138-NG |
| CBS BROADCASTING, INC., | ) | |
| Defendant | ) | |

PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND TO PERMIT TWO
ADDITIONAL DEPOSITIONS AFTER THE TIME FOR DISCOVERY HAS
EXPIRED
AND
<u>MEMORANDUM IN SUPPORT THEREOF</u>

Plaintiff, Christopher Fitzgerald, moves this court:

(1) to compel discovery with respect to a booklet entitled, "CBS News Standards," a portion of which was previously produced by Defendant, CBS Corporation; and

(2) to permit Fitzgerald to depose video editor, Scott Erdman, and news reporter, Christina Hager, two employees directly involved in the infringement of Plaintiff's photograph of notorious Mafia gangster, Stephen ("The Rifleman") Flemmi, whose testimony this Court previously determined was relevant to the remaining issues of willfulness and statutory damages.  (<u>See</u>, Memorandum & Order, Re: Summary Judgment, Document 51 - June 22, 2007)

I.  **Summary of Proceedings to Date.**

This is an action for copyright infringement based on the infringement of Fitzgerald's copyrighted photograph of Stephen Flemmi.  This court has previously ruled for Fitzgerald on liability for copyright infringement and it denied CBS's defense of fair use.  This court has further ruled that the question of whether the infringement was willful or not, thus setting the range in which the jury's damages award may fall is a mixed question of fact and law.  This Court held that defendant's state of mind during infringement is a remaining material issue of fact that cannot be resolved on summary judgment from the record before the court.  The Court noted that the record at this stage does not support a finding of willfulness on the part of the Defendant.

II. **Plaintiff has been attempting to depose Defendant's Film and Video librarian for over a year.**

In order to attempt to establish willfulness on the part of CBS, Fitzgerald has been trying to depose Eric Cox, the CBS film and video librarian who was at CBS both at the time of Defendant's first use of the Flemmi Photograph in 1998, and at time of CBS's second use of the Photograph.  During the summer of 2006, well within the time for completion of discovery, Fitzgerald sent a Notice of Deposition to CBS in order to depose Cox.  CBS opposed Fitzgerald's deposition notice and moved for a protective order on August 14, 2006.  (Document 20)   This Court denied CBS's Motion for a protective order on December 11, 2006, and ordered the deposition of Eric Cox "who appears to be in a position to give relevant testimony with regard to the CBS archives and the pitch reel in question."

Between the times that Eric Cox was first noticed for a deposition until CBS was finally ordered to let him be deposed, Mr. Cox appears to have left the employ of the Defendant. Furthermore, as of August 16, 2007, defendant's counsel claims that Eric Cox is now represented by CBS. In any event, because of the schedules of one party or the other, the earliest that the parties have been able to schedule Mr. Cox for deposition is September 28, 2007. Fitzgerald has been hopeful that Mr. Cox will be able to shed some light on the issue of willfulness.

**III.     Further depositions of Defendant's video editor and reporter are necessary to establish willfulness under the Copyright Act.**

This Court considered and decided the Parties' respective Motions for Partial Summary Judgment, and it has determined that the testimony of Erdman and Hager is relevant to the remaining issues of willfulness and damages under the Copyright Act (17 USC § 504(c)). Upon receiving this Court's decision (51), Fitzgerald promptly sent CBS notices to depose Erdman and Hager. CBS has refused to produce the witnesses on the basis that the time for discovery is over. CBS is correct; the time for discovery in this court's Scheduling Order expired on August 31, 2006. However, Fitzgerald maintains that if he had deposed Eric Cox when Cox was first noticed for deposition (rather than having to wait until this court ordered the deposition in December 2007), and if he did not elicit sufficient testimony from Cox to establish willfulness, he would have deposed Erdman and Hager. Now, in large part because of the refusal of CBS to permit Fitzgerald to depose Cox in an orderly fashion, the time within which he can depose Erdman and Hager as a matter of right has expired.

Fitzgerald can certainly subpoena Erdman and Hager to appear at trial and they can be interrogated at that time. However, this will not promote judicial economy, save time or expense, eliminate confusion, prejudice and surprise, or aid in the resolution of this action, all of which discovery is supposed to do.  Furthermore, no trial date has been set by the court, so neither the court nor the parties will be inconvenienced in this regard.

The depositions of Erdman and Hager are clearly relevant to the issues in the present case, and necessary for Plaintiff to prove that CBS was a willful infringer under the Copyright Act.  Fitzgerald requests that this court exercise its sound discretion and order CBS to proceed with the depositions of Erdman and Hager.

**IV.    CBS should produce the balance of the CBS News Standards booklet.**

Fitzgerald made the following document request on CBS:

**Document Request No. 1:**

Complete copy of the publication entitled CBS News Standards, a portion of which was marked as Exhibit 28 in the deposition of Jennifer Street [news director of WBZ-TV and WSBK-TV] conducted in this section on July 19, 2006.

(A copy of the portion of the News Standards Booklet that was produced is attached as Exhibit A.)  CBS responded to this request as follows:

**Response:**

Defendant objects to this document request on the grounds that it is overbroad, and seeks information that is beyond the scope of permissible discovery, irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to this document request on the grounds that it seeks confidential business information, and on the grounds that it seeks the disclosure of documents subject to the attorney-client privilege.

This document that was produced on the issue of fair use under the Copyright Act was highly relevant and material in the deposition of news-director, Jennifer Street.  (See, Exhibit B, pages 144-149 of the Jennifer Street deposition.)

Fitzgerald told CBS that to the extent that the News Standards booklet contains confidential business information, Fitzgerald was willing to enter into a stipulation of confidentiality.  Nevertheless, CBS remains steadfast in its refusal to produce this document based on the attorney-client privilege.  Fitzgerald is perplexed.  First, the Booklet was already produced in part by the Defendant, and the portion that was produced on fair use was particularly relevant to this Action.  Second, Jennifer Street admitted that the CBS News Standards booklet was widely distributed to the "news manager at the CBS stations and I would imagine throughout the group and throughout the Network"  (Street, page 144.)

WHEREFORE, the Plaintiff moves that this court exercises its sound discretion and order the depositions of Erdman and Hager, and further orders CBS to produce the entirety of the CBS News Standards booklet.

CHRISTOPHER FITZGERALD,
By his attorney,

s/ Andrew D. Epstein
_____

September 7, 2007

Andrew D. Epstein, Esquire
BBO #155-140
Barker, Epstein & Loscocco
10 Winthrop Square
Boston, MA  02110
(617) 482-4900
FAX: (617) 426-5251

**Attachments:**

Exhibit A:   Cover and page on "Fair Use" from the CBS News Standards booklet.

Exhibit B:   Pages 144 to 149 from the deposition transcript of WBZ-TV News-Director, Jennifer Street.