UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER FITZGERALD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CBS CORPORATION, )<br>)<br>Defendant. )<br>)<br>) | CIVIL ACTION<br>NO. 04-12138-NG |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND TO PERMIT TWO ADDITIONAL DEPOSITIONS AFTER THE TIME FOR DISCOVERY HAS EXPIRED**

Defendant CBS Corporation ("CBS") hereby opposes the motion of plaintiff Christopher Fitzgerald ("Fitzgerald") to compel discovery and to permit two additional depositions after the time for discovery has expired.

Fitzgerald's motion seeks leave to re-open discovery over one year after discovery closed in order to (a) depose two witnesses whose identities and roles in this case have been known to Fitzgerald since 2005; and (b) obtain portions of a document entitled CBS News Standards that have nothing to do with this case and which include privileged attorney-client materials. Because Fitzgerald has failed to make a showing of excusable neglect required to re-open discovery, and because the depositions he belatedly seeks would unjustifiably increase the costs of this litigation, his motion should be denied.

### I.   ARGUMENT

**A.   Fitzgerald's Motion to Re-Open Discovery Requires a Showing of Excusable Neglect.**

Fitzgerald's request to re-open discovery is governed by Fed. R. Civ. P. 6(b), which provides in relevant part:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) . . . order the period enlarged if request therefor is made *before* the expiration of the period originally prescribed . . ., or (2) upon motion made *after the expiration of the specified period* permit the act to be done where the failure to act was the result of *excusable neglect* . . . . (Emphasis added.)

Under Rule 6(b), because Fitzgerald's motion was made over one year "after the expiration of the specified [discovery] period," the motion should be granted only upon a showing of "excusable neglect." *See Brosted v. Unum Life Ins. Co. of America*, 421 F.3d 459, 463-64 (7th Cir. 2005). *See generally U.S. v. Sayer*, 450 F.3d 82, 89-90 (1st Cir. 2006); *Coyante v. Puerto Rico Ports Authority*, 105 F.3d 17, 22-23 (1st Cir. 1997) (motions to re-open discovery fall within the discretion of the court). As shown below, Fitzgerald has failed to make any showing of excusable neglect in support of his motion and, indeed, has failed to demonstrate any reason why his motion should be granted.

**B.     Fitzgerald's Belated Request to Depose Hager and Erdman Should be Denied.**

Fitzgerald seeks to re-open discovery to take the depositions of CBS news reporter Christina Hager and video editor Scott Erdman. As grounds for his motion, Fitzgerald notes that the court found that Hager and Erdman's testimony "may be relevant" to determining CBS's state of mind in broadcasting the photograph of Stephen Flemmi at issue in this case. *See Fitzgerald v. CBS Broadcasting, Inc.*, 491 F. Supp.2d 177, 190-91 (D. Mass. 2007).

What Fitzgerald fails to state is that Hagar and Edelman's roles in the news reports at issue were first disclosed to him in CBS's initial disclosures in *May 2005* and expanded upon in CBS's answers to interrogatories in *July 2005*, over one year before the discovery period expired and approximately two years before the court's summary judgment ruling. CBS's answers to interrogatories, for example, stated in relevant part:

> On June 24, 2004, reporter Christina Hager was preparing a news report regarding the sentencing of John Martorano on federal criminal charges. . . . Hager and the Video Editor for the story, Scott Erdman, searched for a photo of Flemmi to use with the news report. Because the Photograph had been eliminated from the video archives (as explained in answer to interrogatory three), Hager and Erdman were unable to find a photograph before the

- 2 -

> news report aired at 10:00 p.m. on the UPN 38 broadcast. Between the time of the 10:00 p.m. UPN 38 news broadcast and the 11:00 p.m. CBS 4 news broadcast, Erdman continued his search for a photograph of Flemmi. He reviewed an old file tape containing Boston organized crime material and found nothing. He then returned to the library and as he searched the library shelves organized by subject matter, found in the mafia section the pitch reel described in answer to interrogatory 3. This tape contained the Photograph, which was then used in the 11:00 p.m., June 24, 2004, CBS 4 broadcast.

*See* CBS Answer to Interrogatory 5, copy attached as Exhibit 2 to the Affidavit of Mary B. Murrane in Support of CBS's Motion for Summary Judgment (A copy of the answers to interrogatories is attached hereto as **Exhibit A**). *See also Fitzgerald*, 491 F. Supp.2d at 181.

In short, any suggestion that Fitzgerald was unaware of Hager and Erdman's roles in the case until he read the court's summary judgment decision in July 2007 (almost one year after discovery closed) is entirely inaccurate and offers no basis for re-opening discovery. *See generally Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 869 (1st Cir. 1997) (affirming denial of motion to extend discovery when request was made after deadline's expiration); *Brockton Wholesale Beverage Co., Inc. v. Chevron U.S.A., Inc.*, 1990 WL 110265 *2 n. 3 (D. Mass. 1990) ("Plaintiff's motion to compel further discovery was filed four months after discovery was closed on September 15, 1989. Plaintiff's proffer that it "might" obtain evidence of fraud or negligence does not excuse its tardy motion or provide a valid reason to reopen discovery.").

Fitzgerald's alternative justification for his belated motion is similarly, and demonstrably, false. On August 7, 2006, Fitzgerald noticed two depositions, one of Eric Cox, a CBS video librarian, and another of Tom Janssen, one of Cox's superiors. Fitzgerald scheduled the depositions for August 23, 2006, six business days before the close of the discovery period (which already had been extended once by order of the court). (*See* Notices of Depositions, attached hereto as **Exhibit B**; July 5, 2006 Order). On December 11, 2006, the court entered an order granting CBS's motion for a protective order prohibiting the Janssen deposition, but allowing the deposition of Cox to proceed. Since that time, CBS has proposed no less than 18 dates for the deposition of Cox, none of which was acceptable to Fitzgerald, who only recently

settled on a deposition date of September 28, 2007. *See* August 16, 2007 correspondence, attached hereto as **Exhibit C**.

In view of this undisputable chronology, Fitzgerald makes the following unsupportable claim:

> Fitzgerald maintains that if he had deposed Eric Cox when Cox was first noticed for deposition (rather than having to wait until this court ordered the deposition in December 200[6]), and if he did not elicit sufficient testimony from Cox to establish willfulness, he would have deposed Erdman and Hager. Now, in large part because of the refusal of CBS to permit Fitzgerald to depose Cox in an orderly fashion, the time within which he can depose Erdman and Hager as a matter of right has expired.

Fitzgerald's Motion at 4.

This argument is pure fiction. In the first place, Fitzgerald waited until the eve of the close of discovery to seek Cox's deposition (and that of Janssen, a witness the court ruled he was not entitled to depose). As noted, he scheduled Cox's deposition for August 23, 2006, *six business days before the close of discovery* and just *seven business days before he moved for summary judgment*. He obviously had no intention of deposing either Hager or Erdman, despite knowing since 2005 of their roles in the broadcasts, since he neither noticed their depositions nor left himself enough time to do so even if Cox's deposition had gone forward on August 23, 2006. Finally, his claim that CBS refused to permit him to depose Cox "on an orderly basis" flies in the face of his own refusal to accept 18 dates proffered by CBS for the deposition. Fitzgerald's motion therefore fails to demonstrate excusable neglect or, for that matter, any other basis for re-opening discovery. *See generally Brosted*, 421 F.3d at 463-64 ("Given that [plaintiff] had already received one extension, waited until one month after the extended discovery deadline expired to file a motion to further extend the deadline, and failed to claim excusable neglect for missing the deadline, we conclude that the district court did not abuse its discretion in denying the request.").

It bears noting that the most that Fitzgerald ever has received as a licensing fee for a single use of the Flemmi photographs is $800. Fitzgerald nevertheless contends that he is

entitled to recover approximately 187 times that amount in this litigation.  *But see State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("Our jurisprudence and the principles it has now established demonstrate, however, that, in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.").  Whatever the merits of Fitzgerald's inflated damages claims, he is not entitled to artificially increase the costs of defending against those claims by re-opening discovery at this late date.  Because Fitzgerald has no credible reason to re-open discovery, his motion should be denied.

**C.    Fitzgerald's Motion to Compel the Production of CBS's News Standards Should Be Denied.**

Fitzgerald makes the totally unsupportable claim that he is entitled to a copy of CBS News Standards, an internal, confidential publication that includes privileged attorney-client materials prepared by CBS in-house counsel.

Over one year ago, when CBS responded to Fitzgerald's document requests, it produced the portion of the CBS News Standards entitled "fair use" that Jennifer Street, then the news director for WBZ-TV, said she had reviewed.  CBS objected to producing any other portion of the Standards on the grounds that they were irrelevant and contained both confidential materials and attorney client communications.

Fitzgerald offers no explanation as to how the portions of the Standards other than the section on fair use already produced conceivably could be relevant to his claims in this case, nor does he offer any explanation as to why he waited over one year, and after the close of discovery, to challenge the objections asserted and the production of documents made by CBS.  His failure to make any showing of relevance or excusable neglect, as well as his failure to challenge CBS's claim of privilege, requires that his motion to compel be denied.

- 5 -

## II. CONCLUSION

For the foregoing reasons, defendant CBS Corporation respectfully requests that plaintiff's motion to compel discovery and to permit two additional depositions after the time for discovery has expired be denied, and that CBS be awarded its costs and legal fees in opposing this motion.

**CBS Corporation,**

By its attorneys,

/s/ Mary B. Murrane
Jonathan M. Albano, BBO #013850
Mary B. Murrane, BBO #644448
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
617.951.8000

Dated: September 21, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 21, 2007 by U.S. Mail.

/s/ Mary B. Murrane

A/72201376.1/0999991-0000981001